157 N.J. Super. 37 (1978)
384 A.2d 528
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARTHUR L. HOLMES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 23, 1978.
Decided February 15, 1978.
*38 Before Judges ALLCORN, MORGAN and HORN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Mark D. Sperber, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. John Degnan, Attorney General, attorney for respondent (Mr. William F. Hyland, former Attorney General; Mr. David S. Lieberman, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HORN, J.A.D.
Defendant appeals his conviction of rape (N.J.S.A. 2A:138-1), which allegedly was perpetrated on May 19, 1974. He contends that he is entitled to a reversal of his conviction for two reasons. The first reason, he submits, is that the trial judge erroneously limited his cross-examination of the victim as to her prior unchaste acts.
*39 At the time of the trial the victim, who testified, was visibly pregnant. Defendant's attorney was permitted to interrogate her as to the fact she was unmarried and as to the name of the putative father of her unborn child. However the judge would not permit the attorney to question the victim as to particular sexual acts.
Defendant asserts that, since his defense was based on the victim's alleged consent, he was thus foreclosed from showing that she was "promiscuous," a trait of character allegedly supporting his defense, because a jury could infer from that trait of immorality that the victim was more likely to have consented. We reject this contention. The law of our State at the time of the trial did not compel the admission of such testimony.[1] The extent of cross-examination rests in the sound discretion of the trial judge. He may exclude inquiry of a complaining witness in a prosecution on cross-examination as to sexual acts on other occasions with persons other than the defendant. "But cross-examination upon proper foundation has been permitted with respect to the complaining witness's general reputation for chastity, or lack of it, as bearing on the issue of consent in a rape case." State v. Steele, 92 N.J. Super. 498, 504 (App. Div. 1966). See also State v. Raymond, 74 N.J. Super. 434, 439 (App. Div. 1962), appeal dism'd 39 N.J. 241 (1963); State v. Rubertone, 89 N.J.L. 285, 287 (E. & A. 1916). Since defendant sought to show particular sexual acts, defendant's effort to show such conduct was properly rejected by the judge.
In any event, defendant's attorney argued to the jury that, from the victim's pregnancy and her unmarried state, she was "promiscuous."
*40 The second reason advanced by defendant for a reversal of his conviction is that the judge commenced to charge the jury on the last day of the trial in the absence of defendant's attorney. The judge was scheduled to charge the jury at 9:00 A.M. Neither defendant nor his attorney appeared at that time. At approximately 9:30 A.M. defendant arrived and the judge commenced to instruct the jury. Defendant's attorney arrived during the delivery of the instruction.
When the judge completed his presentation of the charge the attorney apologized to the court for the delay, attributing it to traffic congestion. During the jury's deliberations the stenographic reporter read to defendant's attorney that portion of the charge which he had not heard. He stated that he had no question (objections) to the charge itself. He conjectured that he was absent during about 18 minutes of the time when the charge was delivered. He then moved for a mistrial solely because "it was highly prejudicial to my client in front of the jury." The judge denied the motion.
Fundamentally, defendant contends that the mere fact that his counsel was not in the courtroom during approximately 18 minutes while a portion of the court's charge was being delivered automatically entitles him to relief. He suggests that he was actually prejudiced because of something that the jury might have suspected from his attorney's absence, or that something unduly prejudicial may have occurred in the courtroom during that absence which defendant himself would not have detected. We are inclined to the belief that defendant's argument is more fanciful than real and is founded on impermissible conjecture.
We agree that a defendant has a constitutional right to have counsel represent him at all stages of a criminal trial. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Rodriguez v. Rosenblatt et al., 58 N.J. 281 (1971). But the court here did not exclude counsel. He failed to appear. We would have hoped that the judge would have inquired as to the cause of the delay *41 before commencing the charge without awaiting the presence of the attorney. We are not told whether the attorney had previously been tardy.
We have no doubt that there was no prejudicial infringement of defendant's right to counsel, for even "constitutional" errors may be harmless. State v. Macon, 57 N.J. 325, 340 (1971). A somewhat similar occurrence was dealt with in Commonwealth v. Ashe, 168 Pa. Super. 267, 77 A.2d 684 (Super. Ct. 1951), cert. den. sub nom. Presecan v. Claudy, 342 U.S. 841, 72 S.Ct. 70, 96 L.Ed. 635 (1951), where the attorney for one of several defendants in a criminal case voluntarily absented himself during a portion of the court's charge. Defendant sought to reverse his conviction on several grounds, including said absence. The court denied relief to the defendant, stating:
There is no averment that relator suffered any harm by the action of his counsel or that counsel was not present at the conclusion of the charge of the court to take an exception or exceptions thereto. It is not averred that there was any unfairness in his trial or that the verdict and sentence were improper. Relator has not shown any circumstances which could be said to amount to a denial of due process. See Commonwealth ex rel. Master v. Baldi, 166 Pa. Super. 413, 418, 72 A.2d 150. Relator's present attempt to be released on habeas corpus is without any merit or justification. [77 A.2d at 686]
State v. LaPierre, 39 N.J. 156, 173 (1963), cert. den. sub nom. Bisignano v. New Jersey, 374 U.S. 852, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963), held that a judge's interrogation of a juror in the absence of counsel for the purpose of ascertaining what was troubling the juror did not infringe on defendant's right to have counsel present.
Finding no prejudicial error in the proceedings, the conviction is
Affirmed.
NOTES
[1] It will be noted that N.J.S.A. 2A:84A-32.1 as to evidence of a complaining witness's previous sexual conduct was not effective at the time of the alleged commission of the crime by defendant. It became effective on August 26, 1976.