## WEBSTER VS. MCKINSTER.

1. RIGHT TO POLL JURY — DISSENT.   When a jury returns a verdict either party has a right to have the jury polled, and if one or more of them dissent, no judgment can be rendered thereon, but such dissent must be decided and unequivocal and not coupled with conditions involving considerations which the jury had no right to consider.

2. SAME.   Where a jury returned into court with a verdict for the plaintiff assessing his damages at $15, and upon being polled two or more of them answered that it was not their verdict if costs followed thereon. *Held*, that as the question of costs was not within the province of the jury, that the verdict was properly received and a judgment rendered thereon was affirmed.

ERROR to the District Court for *Racine* County.

The case is stated in the opinion of the court.

*E. W. Evans* and *J. B. Jilsun*, for plaintiff in error.

*Levi Hubbell*, for defendant in error.

IRVIN, J. This case was commenced by the defendant in error before a justice of the peace, before whom judgment was obtained for the sum of $31.50, from which the plaintiff in error appealed to the district court of Racine county, in which for the first time, he made defense, by pleading the general issue with notice. For the trial of the issue thus made, a jury came, who found and returned into court, a verdict in favor of the plaintiff below and defendant in error, for $15, when it appears the jury was polled, and two of them answered that it was not their verdict if costs followed thereon. The defendant below, and plaintiff in error, then filed his motion to set aside the verdict for the following reasons: "1st. That when the jury were polled in said case, as to the verdict of said jury being $15 damages in favor of the plaintiff, three of said jurors answered that the same was not their verdict if costs were to follow the damages. 2d. And that one of the jury answered, that was not his verdict if defendant was to pay any costs;" which motion was overruled and judgment given, and to which ruling the plaintiff in error excepted, and prosecuted a writ of error to this court.

No principle of practice is better established than the one, that either party has the right to have the jury polled when they return a verdict into court, and if any one or more of the jurors dissent, no judgment can be rendered thereon; but that dissent must be decided and unequivocal, and not coupled with conditions involving considerations with which the jury had nothing to do. In this case the jury had nothing to do with the subject of costs, and were alone to inquire of damages, that inquiry they made and found the damages which the plaintiff had sustained to be $15; which fact they

had no power to control or alter by any view which they might take of the subject of costs, that, in this case, being wholly foreign to their duty. Had any of the jurors positively dissented from the verdict, it would have been set aside, but having found the fact of damages, and having no power to control the force of that fact by any such considerations as were suggested in this case, the court was right in disregarding such suggestions and entering judgment for the plaintiff below, with costs of suit. It is therefore the unanimous opinion of the court that the judgment of the district court be affirmed, with interest and ten per cent damages.