MILTON BARRETT, *Plaintiff in Error*,

vs.

STATE OF WISCONSIN, *Defendant in Error*.

ERROR TO ROCK CIRCUIT COURT.

An adjournment of the court, from 'day to day, for rest and refreshment, does not suspend its functions as a court.

For all general purposes, the court is considered in session from the commencement until the close of the term, and its authority continues, over parties, jurors, officers, &c., as well during a recess or adjournment for the night, as during its active labors of the day.

A verdict taken in the public court room, in presence of the jury, the parties and bystanders, at 11 o'clock, P. M., by the judge, after the court had adjourned for the night, is not a privy verdict.

When the court adjourned at 6 o'clock and 30 minutes, until 8 1-2 o'clock the next day, a jury being out, it is not error for the judge to receive the verdict of such jury, in the public court room, in presence of the parties, officers of the court, and bystanders, at 11 o'clock of the evening after such adjournment.

The plaintiff in error was indicted at the March term of the Rock Circuit Court, 1853, for the crime of rape, and convicted. The trial commenced on the 29th day of March, 1853, and continued until about 3 o'clock in the afternoon of the 30th day of March, when the case was given to the jury. At the usual hour of adjournment of the 30th of March, the jury not having returned a verdict, the court adjourned until the next morning, the jury being still out in charge of the officer. About 11 o'clock in the evening of the 30th of March, the judge was informed that the jury had agreed upon their verdict and desired to render it. The judge repaired to the court room, and in the persence of the plaintiff in error, the jury, officers of the court, and bystanders, received

the verdict. The jury were not afterwards called to affirm or disaffirm their verdict.

Objections were taken to the verdict, a motion for a new trial was interposed, &c. But the facts of the case are so circumstantially and fully stated in the opinion of the court, that it is not necessary to give any further detail here.

*M. H. Carpenter, C. S. Jordan* and *John M. Case*, for the plaintiff in error, made the following points, which were earnestly argued at bar by Mr. Carpenter :

1. A privy cannot be given in a trial for treason or felony. 2 *H. Pl. C.* 300 ; 4 *Blk. Com.* 360, 261; *Co. Lit.* 227, *b.*

This is conceded.

2. Was this verdict received in open court ? The bill of exceptions shows that the court had adjourned to another day. Can a court at the same time stand adjourned to a future day, and still be open for the transaction of business ?

The *court* is an intangible thing, like that we call the *State!* The judge, the clerk, the sheriff and bystanders, do not constitute the *court,* and the court is not necessarily open when they all meet in the court house. On the first day of the term, court is opened by formal proclamation, and continues until a formal adjournment of the court to some other place or time. Between the opening and adjournment of the court, the clerk may leave the court room, or the judge temporarily leave the bench ; the court is still open. But an adjournment to another day, as effectually suspends the functions of the court, until the time to which it stands adjourned, as a *sine die* adjournment at the end of the term, suspends its functions till an-

other term. 1 *Blk. Com.* 186–7 ; *Steph. Pl.* 64 ; <span style="float:right">June Term, 1853.</span>
*Jefferson's Man.* 213 ; *Prescott vs. Wright*, 6 *Mass.*
20 ; *Commonwealth vs. Gee*, 6 *Cush.* 170.

Barrett<br>vs.<br>State of<br>Wisconsin.

Any different conclusion would open the door to
the grossest frauds.

3. The practice corresponds with our view of the
law. When a jury retires late in the afternoon, it is
the practice not to adjourn, but to take a recess until
the coming in of the jury with their verdict. *State
vs. Bryant*, 21 *Vt.* 479 ; *Hiller vs. English*, 3 *New
Series Law Rep.* 542.

4. The respondent having been defended by coun-
sel, it was erroneous to receive the verdict and dis-
charge the jury, in the absence of his counsel, or at
least without giving them notice.

*E. Estabrook*, attorney general for the defendant
in error, insisted that the verdict rendered in this case
was not a privy verdict ; that it wanted the charac-
teristics of a privy verdict.

That the term of a Court of Record, from its com-
mencement till its close, is to be considered as of one
day ; and that the intervals taken for the purposes
of rest and refreshment, did not operate a suspension
of the functions of the court ; that the only purpose
of announcing the period or duration of such inter-
vals, is to prevent parties being surprised by the pro-
gress of business, and generally, to inform officers,
parties, witnesses, jurors and attendants, of the hours
of the active labors of the court. The active labors
of the court may be resumed at any time during the
term, so that all the parties, and those whose attend-
ance may be required for the occasion, have notice of
such resumption, whether by special notification, or

12

JUNE TERM,
1853.

Barrett
vs.
State of
Wisconsin

by the daily proclamation, at the usual time and in the usual manner.

*By the Court,* SMITH, J.   At the March term of the Rock Circuit Court, the plaintiff in error was indicted for rape.  The trial commenced on the 29th day of March and continued until about 3 o'clock P. M., of March 30th, at which time the jury retired to consider of their verdict.  At 6 o'clock and 30 minutes, P. M., of the day last mentioned, the jury not having returned into court, the court, by proclamation of the sheriff, made by direction of the court, was adjourned to the next day, March 31st, at half-past 8 o'clock, A. M.  About 11 o'clock, P. M., of of the 30th of March, the judge of said court, having been informed by the sheriff that the jury had agreed upon their verdict, proceeded to the court room, took his seat upon the bench, and in the presence of the prisoner and the bystanders, but in the absence of the prisoner's counsel, called the jury, and received their verdict, and discharged them, and the clerk of said court then and there entered a record of said verdict, under the record of adjournment of said court, as follows :

" Court adjourned till half-past 8 o'clock to-morrow morning, and after said adjournment, the jury in the case of the State of Wisconsin vs. Milton Barrett, returned the following verdict :

" We, the jury, do say, that the said defendant is guilty, in manner and form, as charged in the indictment ; and we do further say, that the said Barbara Haefner was not, at the time of the offence, a common prostitute."

The next morning the court was opened at half-

past 8 o'clock, by proclamation of the sheriff. The jury in said cause were never called again to affirm or disaffirm their verdict.

On the 31st day of March, the defendant, by his counsel, filed a motion for a new trial, and to set aside the record of conviction in said cause, which was overruled by the court, and the defendant excepted.

On the 14th day of April, at the same term of said court, the district attorney moved for sentence upon the defendant. The defendant being in court, objected, by his counsel, to sentence; because no verdict had been received in open court, from the jury, impannelled to try the issue joined in said cause. The court overruled the objection and sentenced the defendant to twelve years and twenty days imprisonment in the State prison, to which the defendant then and there, by his counsel, objected.

The counsel for the plaintiff in error insists:

1st. That the verdict in this case, was a privy verdict, and was hence unlawful.

2d. That the adjournment of the court, from day to day, or for rest and refreshment, as effectually suspends the functions of the court until the time, or hour, to which it stands adjourned, as a *sine die* adjournment at the end of the term, suspends its functions until another term.

3d. That the defendant below having been defended by counsel, it was error to receive the verdict and discharge the jury, in the absence of his counsel, or at least without giving them notice.

We do not think the verdict rendered in this case, and received, under the circumstances of its rendition and reception, can, in any sense, be called a privy verdict.

June Term, 1853.

Barrett vs.

State of Wisconsin.

" A privy verdict is one given out of court, before any of the judges of the court, so called, because it ought to be kept secret from each of the parties before it be 'affirmed by the court." *Thomas' Coke* 392-227 *b.*

" It is so called because what is found thereby ought to be kept secret until a verdict is given in open court." *Bac. Abr., Title Verdict. B.*

The very essence of a privy verdict is its secresy from the knowledge of the parties. But here the verdict was given and received in the public court room, the judge upon the bench, the clerk in his place, in presence of the officers of the court, the parties and the bystanders, and recorded by the clerk in the presence of the jury who gave it, the parties and all the people present. Hence all the essentials of a privy verdict are wanting in this case.

The second point made by the counsel for the plaintiff in error, is of more difficulty, though we think examination will render it clear. It involves the question, how far an adjournment of the court from day to day, during the term, for rest and refreshment, suspends its functions. The general rule is, that the term is to be considered as of one day. These intervals, for the purposes aforesaid, cannot suspend the functions of the court altogether. A jury may be out after the court has retired for the night, and yet misconduct of a juror during such interval, might be punished as for contempt. Appliances to a grand or petit juror, during such interval, would be contempt of the court. If the officer having charge of the jury during such recess or adjournment, as it is called by the counsel for the plaintiff in error, should desert his post, or tamper with the

jury, he would be punishable as for contempt. It is held by some courts, that the publication of its day's proceedings, during the evening or night, may be a contempt of the authority of the court. These consequences could not be, if the ordinary adjournments, from day to day, operated a cessation of the functions of the court. A Grand Jury may continue its sessions, and deliberate, administer oaths, examine witnesses, find bills, &c., during such intervals, which they could not do after an adjournment of the term. Indeed, it was the very existence and vitality of the court, on the evening in question, which authorized the jury in this case, to deliberate ; its authority kept them together, gave force and efficiency to their action, and continued them what they were, a jury in the case then before the court.

It is equally true, that for some purposes, the term is divided by days. Thus, some writs are made returnable on the first day of the term. Others are returnable on the second day. Appearances are to be entered, pleadings to be filed, recognizances to be answered unto, &c. &c., on one or another day of the term, according to the statute, or the practice of the court. For all such purposes, the day being designated as the time when certain things are to be done, the term is divisible. So when time may become material, as the finding by the grand jury of an indictment during a term, for an offence committed subsequent to the commencement of the term. *Prescott vs. Wright*, 6 *Mass.* 20 ; *Commonwealth vs. Gee and another*, 6 *Cush.* 174.

But for all general purposes, the court is considered as in session from the commencement till the close of its term. The jurors, officers and parties are all under

JUNE TERM,
1853.

Barrett
vs.
State of
Wisconsin. its direction.   To hold that an adjournment for refreshment suspends the functions of the court, during the time of such adjournment, would be to open the door to a multitude of evil practices, and to throw off all those salutary restraints which have been found necessary to the due and solemn administration of justice.   Even in this case the jury were as much under the control and protection of the court, after its adjournment for the night, as they were before it.   It was the authority of the court which kept them together, and that authority continued from the time they were empannelled, till they were discharged ; as much during the recess, as during the active labors of the court.   Suppose between the hours of seven and eleven o'clock of the evening of the 30th of March, the room in which the jury were deliberating had been surrounded by rioters, or tumultuous persons, for the purpose of influencing their deliberations, or of interrupting their discussions, would not such persons be punishable for contempt of court?   Yet they could not be guilty of contempt if the functions of the court were altogether suspended.

We do not think there was anything to preclude the judge from resuming the business of the court so as to receive the verdict at the hour of eleven o'clock on the evening of the 30th of March.

As to the third point, that it was error to receive the verdict in the absence of the counsel for the prisoner, it does not appear but that his counsel had notice that the jury had agreed, and that the verdict would be received.   If the mere absence of counsel could be assigned for error, then it would be in the power of counsel to prevent the reception of a verdict altogether.   The prisoner was present when the ver-

dict was rendered, and doubtless his counsel might have been present, had he or they desired it. Whether or not the counsel had notice, does not appear from the record. At all events, no delay was asked for on account of their absence, and they do not even allege that they had not notice.

We think the Circuit Court was right in receiving the verdict. There is no substantial difference, whether the court takes a recess, the jury being out, or whether it adjourn till the next day at the usual hour of adjournment, and in the interim comes in to receive a verdict, if occasion requires. The parties being present, or notified so that they have an opportunity of attending, every purpose of justice and safety is answered.

The judgment of the Circuit Court is affirmed.