SPENCER, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 76–213–CR. Submitted on briefs September 7, 1978.—Decided October 31, 1978.*
(Also reported in 271 N.W.2d 25.)

566

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Mark Lukoff,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Edward S. Marion,* assistant attorney general.

CALLOW, J. The single issue raised in this case is whether the defendant was denied assistance of counsel, guaranteed by the state and federal constitutions, because the court accepted the jury's verdict in defense counsel's voluntary absence.

The state charged the defendant with committing first-degree murder, contrary to sec. 940.01, Stats. The case was tried to a jury March 2–4, 1976. The defendant's case rested on self-defense. He testified that the victim hit and kicked him about six weeks before the shooting and threatened him earlier on the day of the shooting. The defendant knew that the victim occasionally carried a gun. He said that, when he encountered

the victim on the street, he shot the victim as he was coming at him.

Attorney John Rutchik represented the defendant. Following closing arguments and instructions, the jury retired but returned about an hour and a half later asking for reinstruction on the crimes of first-degree murder and manslaughter. The court, at the request of a juror, reread the instruction on retreat. Attorney Rutchik asked the court to reread the entire self-defense instruction. The court asked the jury if it wanted the instruction reread; there was no response. Accordingly, the court did not read the instruction.

The jury returned about fifty minutes later with a verdict of guilty of murder in the first degree. Attorney Rutchik was not present. The court, noting the absence of trial counsel, confirmed the verdict by polling the jury individually. The court did not enter judgment on the verdict and continued the defendant's bond, ordering him to appear with his attorney the next morning.

On March 29, 1976, the court denied a motion for a new trial made by Attorney Rutchik on the defendant's behalf. The motion was unrelated to Rutchik's absence at the time of the court's acceptance of the verdict. The court then rendered judgment of conviction and sentenced the defendant. Judgment was entered on the same day.

The following facts surrounding Attorney Rutchik's absence at the time the verdict was read were established at a hearing on a motion for a new trial made on the defendant's behalf by the office of the State Public Defender: Rutchik testified that, after the jury's reinstruction, he was "emotionally upset." He told the district attorney that he would not return for the reading of the verdict and asked the bailiff to call him to tell him the verdict. The court recalled that Rutchik asked if he had to be there when the verdict was read, and the court told him that it was Rutchik's decision to make.

The district attorney stated that the defendant was present when Rutchik declared that he would not be back. Rutchik could not recall if the defendant was there during the conversation. The defendant testified that he was aware that Rutchik "had to go someplace." While he remembered that Rutchik and the district attorney had a conversation, he did not recall Rutchik saying that he would not return. However, he testified that he did not expect Attorney Rutchik to be back when the jury returned its verdict because Rutchik told him that he was going somewhere. He did not try to stop him from leaving. He was not aware of his right to have his attorney present when the jury returned the verdict.

The trial court denied the defendant's postconviction motion for a new trial based on Rutchik's absence at the time the jury returned its verdict. The defendant seeks review by writs of error from the judgment of conviction and order denying a new trial.

The question presented is whether the judgment and order should be reversed on the ground that the trial court's acceptance of the verdict in the absence of defense counsel denied the defendant the assistance of counsel, guaranteed by the Sixth[1] and Fourteenth Amendments to the United States Constitution and by art. I, sec. 7[2] of the Wisconsin Constitution.

This case requires the court to examine its holding in *State v. Ritchie,* 46 Wis.2d 47, 174 N.W.2d 504 (1970), *cert. denied* 400 U.S. 917 (1970). In *Ritchie* one of the issues on appeal was whether the jury's rendering its verdict in defense counsel's voluntary absence denied the defendant his right to counsel. Counsel had told the trial court that he did not wish to be called when the verdict

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."

[2] "In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel."

was returned. The defendant did not expressly waive counsel's presence. The trial court asked the jury collectively whether each member agreed with the verdict as read; the jury responded, "yes." This court held that the reading of the verdict in defense counsel's absence was not "prejudicial error." *Id.* at 56. We interpret *Ritchie* as authority for the conclusion that under the circumstances of that case the absence of counsel was harmless error.

The right to legal assistance in state criminal prosecutions is guaranteed by art. I, sec. 7, of the Wisconsin Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. *Carpenter v. County of Dane,* 9 Wis. 249 (\*274 (1859) ; *Gideon v. Wainwright,* 372 U.S. 335 (1963). The right to counsel's assistance at trial is primary to this general right. *See: Powell v. Alabama,* 287 U.S. 45 (1932) ; *Gideon, supra; Carpenter, supra.* An accused is entitled to counsel at all stages where he or she requires "aid in coping with legal problems or assistance in meeting [the] adversary." *United States v. Ash,* 413 U.S. 300, 313 (1973). *See also: State v. Ritchie, supra.*

As early as 1881, this court recognized that the state constitutional guarantee of counsel's assistance applied at the time of the acceptance of the verdict. *Smith v. The State,* 51 Wis. 615, 8 N.W. 410 (1881). The reading of the verdict is an integral part of the trial, and a defendant has the right to poll the jury. "If, by the absence of the defendant's counsel at the time of receiving the verdict, the defendant lost any right which might have been beneficial to him, . . . it was error not to grant a new trial for that reason." *Id.* at 620.

Courts construing the right to counsel guaranteed by the Federal Constitution have reached the conclusion

that the right to counsel at the time the verdict is received is embraced by the federal constitutional guarantee. *See, e.g., United States v. Smith,* 411 F.2d 733, 736–7 (6th Cir. 1969) ; *Thomas v. Hunter,* 153 F.2d 834, 839 (10th Cir. 1946).

A person may waive the right to counsel, but the waiver must be made intelligently, knowingly, and voluntarily. Courts indulge in every reasonable presumption against waiver of the right to counsel. *Johnson v. Zerbst,* 304 U.S. 458, 464–5 (1938) ; *Hall v. State,* 63 Wis.2d 304, 314, 217 N.W.2d 352 (1974) ; *Browne v. State,* 24 Wis.2d 491, 511a, 129 N.W.2d 175, 131 N.W.2d 169 (1964), *cert. denied* 379 U.S. 1004 (1965), *rehearing denied* 380 U.S. 959 (1965). Waiver is not presumed from a silent record; the record must disclose unequivocal, express waiver. *Carnley v. Cochran,* 369 U.S. 506, 516 (1962) ; *Keller v. State,* 75 Wis.2d 502, 508–9, 249 N.W.2d 773 (1977).

This record discloses no express, unequivocal waiver. The record shows that the defendant knew his lawyer had gone somewhere. Neither defense counsel, the prosecutor, nor the court appraised the defendant of his right to have counsel present at the acceptance of the verdict. The defendant never stated on the record his acquiescence of his attorney's absence.

Receiving a verdict in a criminal trial is a critical stage of the proceedings, and the defendant is entitled to the presence of defense counsel. When defense counsel told the trial judge he would not be present when the verdict was received, the trial judge responded by saying "that's your decision to make." We find this response to be an incorrect statement of law. Before counsel may be excused from any portion of the proceedings, the court must make a record that the absence of counsel is knowingly and voluntarily approved by the defendant, for the

option to excuse counsel is exclusively with the defendant. The defendant did not expressly waive the presence of his counsel, and therefore it was error to receive the verdict without defense attorney Rutchik being present.

In *Chapman v. California,* 386 U.S. 18, 24 (1967), *rehearing denied* 386 U.S. 987, the Court fashioned the test for harmless federal constitutional error. The burden is on the state to demonstrate beyond a reasonable doubt that a federal constitutional infirmity did not contribute to the conviction. *Id.* at 26. The court on appellate review must be able "to declare a belief that [the error] was harmless beyond a reasonable doubt." *Id.* at 24. The *Chapman* Court also noted, citing *Gideon v. Wainwright, supra,* that some constitutional rights are so basic that their denial can never constitute harmless error. *Id.* at 23.

In *Hall v. State, supra,* one lawyer represented two defendants, Hall and Dixon, at sentencing. The lawyer argued that Dixon should receive a more lenient sentence. Holding that this actual conflict of interest denied Hall the effective assistance of counsel at sentencing, this court reversed an order denying postconviction relief. The court refused to apply the constitutional harmless error rule announced in *Chapman v. California, supra.*

The Supreme Court has not viewed the language of *Chapman* as foreclosing application of its harmless error rule to all cases involving denial of counsel. *See: Coleman v. Alabama,* 399 U.S. 1, 11 (1970) ; *Gilbert v. California,* 388 U.S. 263, 272–4 (1967). We do not read *Hall* as precluding application of the *Chapman* test to all instances of denial of counsel's assistance. In *Hall* there was an actual conflict of interest in the lawyer's representation of both Hall and his co-defendant. There is nothing approaching this level of irregularity in the instant case.

In applying the *Chapman* harmless error rule, we are mindful that in some instances counsel's absence might prevent the record from reflecting error below. Here the trial court protected the rights of the defendant when the verdict was received. The right to poll a jury does not include the right to cross-examine the jurors. *State v. Ritchie, supra* at 56.

The defendant relies on *United States v. Smith, supra* at 736–37, wherein the court stated:

"In the present case the jury was polled by the District Judge. Even this precaution does not negate the possibility of prejudice to the defendant in not having the aid of his attorney. From a reading of the record it is impossible to determine the tone of voice of the jurors when they individully [sic] announced their decision, the hesitancy of their responses, and other possibilities that could have taken place and had significant meaning. Had counsel been present and something of this nature occurred, the defendant would have had the benefit of his legal advice. We must presume that the defendant himself was ignorant of the legal significance of any such incident, and, without the aid of counsel, it would have passed unnoticed."

Insofar as this implies that the denial of counsel at the time the verdict is received may never be harmless error, it is plainly inconsistent with *Ritchie, supra*. We decline to follow the reasoning of the court of appeals in *Smith*.

We conclude that the defendant was denied the assistance of counsel as guaranteed by the State and Federal Constitutions when the court accepted the verdict in counsel's absence. We hold that the defendant did not waive his right to counsel but that under the circumstances in this case receipt of the verdict in counsel's absence was harmless error under *Chapman*. We note, however, our condemnation of Attorney Rutchik's con-

duct in absenting himself from an important stage of the trial. Trial counsel must be present at all critical stages of any proceedings unless the presence of trial counsel is knowingly waived by the client and such waiver is approved by the court.

*By the Court.*—Judgment and order affirmed.