STATE of Wisconsin, Plaintiff-Respondent,

v.

Ernest Lavelle MILLS, Defendant-Appellant.†

Court of Appeals

No. 81–1378. Submitted on briefs February 22, 1982.—
Decided April 27, 1982.
(Also reported in 320 N.W.2d 38.)

† Petition to review denied. ABRAHAMSON, J., dissents. No opinion filed.

For the appellant there were briefs by *Donald T. Lang,* assistant state public defender, of Milwaukee.

For the respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Ernest Lavelle Mills appeals from an order denying his motion for a new trial. He claims that he was denied the effective assistance of counsel when the court began its instruction of the jury before Mills' attorney arrived at the courtroom. The state concedes that the court erred in not waiting for Mills' attorney, but argues that the error was harmless. Because we conclude that the harmless error rule may be extended to include this limited denial of Mills' constitutional right to counsel, and that the error in this case was harmless, we affirm.

Mills was convicted of being a party to a crime of burglary, contrary to secs. 943.10 and 939.05, Stats. Before closing arguments, the court held an extensive jury instruction conference at which Mills' attorney made objections and requested various instructions. After closing arguments and before instructing the jury, the court adjourned proceedings for the day and admonished counsel to be on time the following morning for the court's instruction of the jury. Although Mills' attorney did not appear on time, the court began instructing the jury. Mills' attorney arrived about ten minutes later.

As conceded by the state, the trial court erred in instructing the jury without an express waiver by Mills of his attorney's presence. The right to counsel in state criminal prosecutions is guaranteed by the sixth and fourteenth amendments to the United States Constitution and by art. I, § 7, of the Wisconsin Constitution. *Gideon v. Wainwright,* 372 U.S. 335 (1963) ; *Carpenter v. Dane County,* 9 Wis. 249 (*274) (1859). The right extends to all critical stages of the proceedings. *United States v. Ash,* 413 U.S. 300, 313 (1973) ; *Spencer v. State,* 85 Wis. 2d 565, 570, 271 N.W.2d 25, 28 (1978). The court's instruction of the jury is a critical stage. Because Mills had not expressly waived his attorney's presence, it was error for the court to proceed. *See Spencer,* 85 Wis. 2d at 571–72, 271 N.W.2d at 29.

Mills argues that the denial of his right to counsel cannot be considered harmless error under *Holloway v. Arkansas,* 435 U.S. 475 (1978), and *Chapman v. California,* 386 U.S. 18 (1967). In *Chapman,* 386 U.S. at 23, the Court stated that "our prior cases have indicated that there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error . . . ." The right to counsel was given as an example. In *Holloway,* 435 U.S. at 489, the Court stated that "when a defendant is deprived of the presence and

assistance of his attorney, either throughout the prosecution or during a critical stage in, at least, the prosecution of a capital offense, reversal is automatic."

These cases do not foreclose application of the harmless error rule to all cases involving denial of the right to counsel. *See United States v. Morrison,* 449 U.S. 361, 364–66 (1981); *Moore v. Illinois,* 434 U.S. 220, 232 (1977); *Coleman v. Alabama,* 399 U.S. 1, 11 (1970); *Gilbert v. California,* 388 U.S. 263, 272 (1967); *Moses v. Heglemoe,* 562 F.2d 62, 64–65 (1st Cir. 1976); *United States v. Crowley,* 529 F.2d 1066, 1069–71 (3d Cir. 1976); *In re Di Bella,* 518 F.2d 955, 959 (2d Cir 1975); *United States v. Calabro,* 467 F.2d 973, 988–89 (2d Cir. 1972). The Wisconsin Supreme Court held that the denial of the right to counsel was harmless in *May v. State,* 97 Wis. 2d 175, 293 N.W.2d 478 (1980) (trial court responding to question from jury in absence of counsel); and *Spencer,* 85 Wis. 2d at 565, 271 N.W.2d at 25 (counsel absent at receipt of verdict). The New Jersey Superior Court concluded that the absence of defense counsel during a portion of the court's instruction to the jury was harmless error. *State v. Holmes,* 157 N.J. Super. 37, 384 A.2d 528 (1978).

Applying the harmless error rule to Mills' trial, we conclude that the error in commencing instruction of the jury in the absence of Mills' attorney was harmless beyond a reasonable doubt as required by *Chapman,* 386 U.S. at 24. *See Spencer,* 85 Wis. 2d at 572–73, 271 N.W. 2d at 30. Mills' attorney had only two roles with regard to the instructions. First, he was required to insure that proper instructions were given. He met this duty. He participated in the jury instruction conference and made several objections and requests for instructions. The disposition of these objections and requests is not questioned on appeal. The court's instructions during Mills'

attorney's absence are a matter of record, and no question has been raised about the instructions as given.

During the instruction of the jury, Mills' attorney was responsible for insuring that the conduct of the judge and the prosecutor did not prejudice Mills in any way. The jury, however, was advised to consider only the evidence it had received during the trial, and it was specifically instructed to disregard any impressions of the judge's opinion concerning the guilt or innocence of the defendant. Mills' attorney was only absent from the courtroom for about ten minutes, and no claim is made that Mills, who was present to hear and observe the judge and the prosecutor, was actually prejudiced during his attorney's absence.

Although a reviewing court is permitted to scrutinize the possibility of prejudice arising from the absence of counsel at a critical stage in the proceedings, if the possibility of prejudice is found beyond a reasonable doubt to be merely speculative or hypothetical, the harmless error rule applies. *See Moses,* 562 F.2d at 64, *citing Chin Kee v. Massachusetts,* 407 F.2d 10, 14 (1st Cir. 1969). We are unable to conceive of any sufficiently prejudicial conduct of the judge or the prosecutor during the court's instruction of the jury that would not have been observed by the court or by Mills and yet would be sufficient to justify a new trial. We are therefore left with the mere hypothetical possibility of error, which does not justify a new trial in this case.

*By the Court.*—Order affirmed.