500 So.2d 713 (1987)
Emanuel VILEENOR, Appellant,
v.
STATE of Florida, Appellee.
No. 85-243.
District Court of Appeal of Florida, Fourth District.
January 7, 1987.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Carolyn McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
*714 STONE, Judge.
The appellant was convicted of aggravated battery. At the conclusion of the trial, the judge began to instruct the jury in the absence of defense counsel. The issue on appeal is whether this action constituted a violation of the appellant's rights under the Sixth Amendment of the United States Constitution, and if so, whether such error was harmless.
After the judge conducted a charge conference, and the closing arguments had been completed, the jury and counsel were directed to return the next day at 9:00 a.m. By 9:20 a.m., however, appellant's attorney had still not appeared. The jury was brought in and the court commenced the charge.
Approximately five minutes later, the defense counsel arrived. He made no objection to the instructions which had been given, nor to the fact that instructions had commenced in his absence. He also did not object to the court continuing to charge the jury. At the conclusion of the instructions, the court inquired whether there were any objections to the form or manner in which they were given. There were none. No motion for mistrial was made.
The appellant has a right to counsel at every critical stage of the proceedings. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); United States v. Calabro, 467 F.2d 973 (2d Cir.1972), cert. denied, 410 U.S. 926, 93 S.Ct. 1358, 35 L.Ed.2d 587 (1973); Anderson v. State, 420 So.2d 574 (Fla. 1982). The right to counsel is a fundamental right. Gordon v. State, 469 So.2d 795 (Fla. 4th DCA), rev. denied, 480 So.2d 1296 (Fla. 1985); Gargan v. State, 217 So.2d 578 (Fla. 4th DCA 1969). The alleged denial of such a right need not be preserved by objection. Ray v. State, 403 So.2d 956 (Fla. 1981).
It is undisputed that the instructions read by the court were those agreed upon by counsel, and that appellant's attorney was able to object to any one of them. It is not contended that the court gave any instructions other than those agreed upon. Nor is it alleged that the court read the instructions in an improper manner. Thus, Mansfield v. State, 430 So.2d 586 (Fla. 4th DCA 1983), relied upon by the appellant, is clearly distinguishable. In that case the court required the appellant to select a jury without the assistance of counsel. However, here, as set forth above, the defendant was obviously represented at all times except for the brief period his attorney was delayed.
Appellant contends that the giving of jury instructions while his attorney was temporarily absent was per se error, citing Gideon and Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). However, we conclude that a per se rule is not applicable here, but that harmless error principles instead apply.
A series of opinions by the Florida Supreme Court interpreting Florida Rule of Criminal Procedure 3.410, which is entitled "Jury Request to Review Evidence or for Additional Instructions," are helpful in analyzing the appropriate standard for review. In Ivory v. State, 351 So.2d 26 (Fla. 1977), the court apparently followed a per se rule in determining that additional instructions to the jury may be given only after notice to the attorneys for the state and defense, saying:
Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless.
Id. at 28.
However, in Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), and Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982), the supreme court subsequently qualified the per se rule by the application of harmless error principles to similar errors.
The Florida Supreme Court, in Williams v. State, 488 So.2d 62 (Fla. 1986), recognized this apparent inconsistency and reaffirmed Ivory. However, it held that the per se error rule does not apply to communications *715 by the court to the jury outside of the express notice requirements of rule 3.410. Citing Hitchcock, the court declared that communications outside of these requirements are to be reviewed applying harmless error principles. The court further limited the Ivory rule in Meek v. State, 487 So.2d 1058 (Fla. 1986).
It therefore appears that the per se rule is limited to factual situations involving additional jury instructions or answers to jury questions about testimony or evidence where no notice has been given under rule 3.410. See Bradley v. State, 497 So.2d 281 (Fla. 5th DCA 1986).
In Long v. State, 494 So.2d 213 (Fla. 1986), the supreme court quoted from State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), in repeating the test to be applied in making a harmless error analysis:
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 214.
Other courts have considered similar facts, applied a harmless error test, and denied relief. State v. Mills, 107 Wis.2d 368, 320 N.W.2d 38 (Wis. Ct. App. 1982), is remarkably similar factually. There, the attorney had participated in the charge conference on the previous day, but arrived late the following morning to find the court had been instructing the jury for ten minutes. There also, there was no indication of prejudice, the jury was fully charged according to the rulings at the charge conference, the appellant was present, and no claim of actual prejudice was made. In State v. Holmes, 157 N.J. Super. 37, 384 A.2d 528 (1978), despite the fact that the defense objected and moved for a mistrial where the jury received instructions during an 18 minute absence of the defense attorney, the court applied the harmless error rule in affirming the conviction. But cf. People v. Dagnino, 80 Cal. App.3d 981, 146 Cal. Rptr. 129 (Cal.Ct.App. 1978) (trial court's error in giving instructions to jury in absence of defendants and their attorneys held not to be harmless beyond a reasonable doubt).
In applying the harmless error standard, the state carries a heavy burden. In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the Supreme Court determined that constitutional error may be harmless. However, in determining whether an error involving the denial of a federal constitutional right during a critical stage of state proceedings can be found to be harmless, the reviewing court must be satisfied beyond a reasonable doubt that the error did not contribute to the conviction.
The Supreme Court has adopted a less rigorous standard in other kinds of cases. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Siverson v. O'Leary, 764 F.2d 1208 (7th Cir.1985), these cases were analyzed at length in considering a Sixth Amendment violation arising from a lack of counsel at a critical stage. In Siverson, the court concluded that the Chapman test is still the proper standard to apply in such a situation.
We conclude that it was error for the trial court to proceed in the absence of a waiver, or other protection afforded the appellant, in the absence of counsel. However, we are convinced from our review of the record that such error was harmless beyond a reasonable doubt in this case. The possibility that the appellant may have been prejudiced by the absence of counsel *716 under the facts of this case is purely speculative and unsubstantiated.
Finding no prejudicial error in the proceedings, the conviction is affirmed.
GLICKSTEIN and DELL, JJ., concur.