STATE of Wisconsin, Plaintiff-Respondent,

v.

Rowlland R. JACKSON, Defendant-Appellant.†

Court of Appeals

*No. 93–2855–CR. Submitted on briefs June 8, 1994.—Decided October 27, 1994.*

(Also reported in 525 NW2d 165.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Yolanda I. Lehner* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William L. Gansner*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.   Rowlland R. Jackson appeals from a judgment convicting him of possession of cocaine base with intent to deliver. Jackson contends that the judgment should be reversed because the trial court accepted counsel's waiver of his right to poll the jury after the verdict was read, without making a finding

that Jackson knowingly and voluntarily consented to the waiver. We disagree, and therefore affirm.

## BACKGROUND

Jackson was charged with possession of cocaine base with intent to deliver, contrary to § 161.41(1m)(cm)1, STATS.[1] The judge instructed the jury that its verdict must be reached unanimously, and the jury returned a guilty verdict. After the verdict was read, Jackson was immediately asked whether he wanted to have the jury polled and Jackson's counsel replied that he did not. The jury was discharged and Jackson was subsequently sentenced to an indeterminate term not to exceed fifteen years. Jackson appeals.

## STANDARD OF REVIEW

Jackson did not assert his right to poll the jury after the verdict was read or in any postconviction motion hearing. However, constitutional issues may be considered for the first time on appeal if it is in the best interests of justice, the parties have had the opportunity to brief the issue, and the facts are undisputed. *In re Baby Girl K.*, 113 Wis. 2d 429, 448, 335 N.W.2d 846, 856 (1983), *appeal dismissed sub nom. Buhse v. Krueger*, 465 U.S. 1016 (1984).

## JURY POLLING

Jackson contends that reversal is warranted because the trial court failed to inquire whether he knowingly and voluntarily waived his right to poll the

---

[1] Section 161.41(1m)(cm)1, STATS., provides in pertinent part: "[I]t is unlawful for any person to possess, with intent to manufacture or deliver, a controlled substance."

jury. According to Jackson, his right to poll the jury is derived from article I, section 7 of the Wisconsin Constitution and the Sixth Amendment of the United States Constitution[2] and cannot be waived by his counsel absent a showing Jackson understood the nature of this right. Additionally, Jackson contends that the supreme court's holding in *State v. Behnke*, 155 Wis. 2d 796, 456 N.W.2d 610 (1990), requires that his conviction be reversed. We disagree.

In *Behnke*, the supreme court said,

> [t]he right to poll the jury at the return of the verdict is a *corollary* to the defendant's right to a unanimous verdict. Polling is a means by which the uncoerced unanimity of the verdict can be tested. Each juror must take individual responsibility and state publicly that he or she agrees with the announced verdict.

*Id.* at 801, 456 N.W.2d at 612 (citation omitted) (emphasis added). This right "is intertwined with the defendant's constitutional right to counsel at the return of the jury verdict." *Id.* at 802, 456 N.W.2d at 612.

Jackson's reliance on *Behnke*, however, is misplaced because facts relevant to the supreme court's holding are absent in this case. In *Behnke*, the court's reversal did not rest upon the failure of the trial court to determine that the defendant had knowingly and voluntarily waived the right to poll the jury. Rather,

---

[2] Jackson does not specify which right afforded in those sections is implicated. We assume that he is referring to his right to have counsel present at all stages of the criminal proceeding. Jackson, however, never asserts that he was not adequately represented by counsel nor that counsel was not present when the verdict was read.

integral to the court's determination that reversal was proper was the fact that the defendant was not represented by counsel when the verdict was read, and upon the defendant's testimony in a postconviction motion hearing that counsel did not discuss jury polling with him and that he did not understand the significance of polling the jury. *Id.* at 801-02, 456 N.W.2d at 612. *See also Smith v. State*, 51 Wis. 615, 619-20, 8 N.W. 410, 412 (1881). Thus, the court concluded that the trial court's failure to poll the jury, without the defendant's knowing, voluntary, and unequivocal waiver of the right to poll "coupled with" the absence of the defendant's counsel at the return of the jury verdict, without the defendant's knowing, voluntary and unequivocal waiver of the right to counsel were grounds for automatic reversal. *Behnke*, 155 Wis. 2d at 806, 456 N.W.2d at 614.

██

The significance of counsel's absence during the entry of the verdict to the holding in *Behnke* was reflected by the court's acknowledgement that "[h]ad counsel been present, counsel could have waived the right to poll." *Id.* at 800, 456 N.W.2d at 612. When a defendant accepts counsel, the decision to assert or waive certain constitutional rights is delegated to that attorney. *State v. Wilkens*, 159 Wis. 2d 618, 622-23, 465 N.W.2d 206, 208 (Ct. App. 1990) (footnote omitted).

██

The right to poll the jury is not compulsory. "A defendant has the right, *when timely asserted*, to have the jurors individually polled on their verdict." *State v. Coulthard*, 171 Wis. 2d 573, 581, 492 N.W.2d 329, 333 (Ct. App. 1992) (emphasis added). Thus, we have concluded that a court committed harmless error when it denied counsel's request to individually poll the jury

after the verdict was read because it had previously polled them collectively and fifty-one days later reassembled the jurors to take an individual poll. *Id.* at 582-86, 492 N.W.2d at 334-35.

■

Jackson does not specifically allege and the record is devoid of evidence that he did not understand his right to poll the jury or that he disagreed with counsel's waiver. Jackson merely maintains that he is from Jamaica and "*may not* fully understand the judicial system in the United States and particularly in Wisconsin." (Emphasis added.) Jackson asserts he:

> was never asked by the trial court if he wished to waive his right to poll the jury. Nor is it apparent from the record that his attorney consulted with him before his attorney waived Mr. Jackson's right to poll the jury. Mr. Jackson's attorney never stated that he was voicing Mr. Jackson's desire to waive the polling, nor did he even state that he had discussed the matter with Mr. Jackson.

However, as we stated above, when a defendant is represented by counsel at the time the verdict is entered, *Behnke* does not require that the trial court find that a defendant waived this right knowingly and voluntarily. Had counsel not been present when Jackson's verdict was read, the trial court would have been compelled, pursuant to *Behnke*, to engage Jackson in a colloquy.

■

The Sixth Amendment of the United States Constitution and article I, section 7 of the Wisconsin Constitution provide criminal defendants with the assistance of counsel at all stages of the criminal proceedings. Jackson was represented by counsel when

the verdict was entered, and the decision to assert or waive certain rights, including whether to poll the jury, was delegated to that counsel. *Wilkens*, 159 Wis. 2d at 622-23, 465 N.W.2d at 208; *Behnke*, 155 Wis. 2d at 800, 456 N.W.2d at 612. Thus, no constitutional right was implicated and reversal is not warranted.

*By the Court.*—Judgment affirmed.

SUNDBY, J. (*concurring*). I agree with the result herein. However, I write separately to point out that the Criminal Benchbook Committee recommends that the trial court poll the jury in every case. WISCONSIN JUDICIAL BENCHBOOK, CR 25-3 (1994). The User's Guide to the Benchbook states that when the user encounters the words "Recommendation" or "Comment" in place of a citation, the authors, editors, and committee members suggest that the proposition presented is appropriate in the absence of binding authority. *Id.* at xiii.

Polling the jury in every case will forestall a claim of ineffective assistance of counsel. In *Smith v. State*, 51 Wis. 615, 623, 8 N.W. 410, 413 (1881), the Wisconsin Supreme Court stated that it should not be presumed that the accused knew he had the right to poll the jury and voluntarily relinquished it. I anticipate ineffective assistance claims based on trial counsel's failure to inform defendant of that right. In view of the importance of this right, the trial court should poll the jury in every case.