DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BROOKE NICOLE MULLIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2619

[June 11, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case Nos. 432023CF000468B; 432023CF001191A; and 432023CF001193A.

Leanne L. Ohle, Stuart, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Briana P. Reed, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

After Brooke Nicole Mullin, the appellant, failed to appear for sentencing at the scheduled time, the trial court agreed to reset the sentencing hearing for later in the morning, based on counsel's representations concerning Mullin's attendance. When the case was recalled, neither Mullin nor her attorney were present. The trial court proceeded with sentencing. The appellant argues that the trial court fundamentally erred in two respects: (1) by sentencing her in absentia (which can be permissible under certain circumstances) and (2) by sentencing her without the assistance of counsel. We reverse on the second argument.

First, we must reject the appellant's contention that the trial court fundamentally erred in sentencing her in absentia, as the appellant failed to address the critical issue of the *voluntariness* of her absence from the sentencing hearing. *See* Fla. R. Crim. P. 3.180(c)(2) (providing that "if the defendant enters a plea of guilty or no contest and thereafter absents himself or herself from sentencing, the sentencing may proceed in all respects as though the defendant were present at all times"); *Reynolds v.*

*State*, 313 So. 3d 129, 132 (Fla. 4th DCA 2021) (holding that rule 3.180(c)(2) "applies to voluntary absences, not involuntary absences"). Instead, the appellant focuses on whether she or her attorney had notice that sentencing would proceed later in the morning. That line of argument is misplaced and, on this record, lacks merit.

However, we agree with the appellant that the trial court fundamentally erred in sentencing her without her attorney present. "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." *Figueroa-Sanabria v. State*, 366 So. 3d 1035, 1053 (Fla. 2023) (quoting Amend. VI, U.S. Const.). "[L]awyers in criminal courts are necessities, not luxuries." *Id.* at 1056 (quoting *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963)). "Undoubtedly, '[t]he right to counsel is a fundamental right.'" *Jackson v. State*, 983 So. 2d 562, 575 (Fla. 2008) (alteration in original) (quoting *Vileenor v. State*, 500 So. 2d 713, 714 (Fla. 4th DCA 1987)).

"To establish a claim of denial of the right to counsel, a defendant 'need only show that counsel was absent during a critical stage of the proceedings.'" *Id.* at 574 (quoting *Wilson v. State*, 764 So. 2d 813, 816 (Fla. 4th DCA 2000)). "Sentencing is considered a critical stage at which a defendant is entitled to counsel." *Williams v. State*, 936 So. 2d 663, 664 (Fla. 4th DCA 2006).

The state argues that this case involves only a partial deprivation of counsel because the appellant's attorney was present the morning of sentencing. Thus, the state contends, no fundamental error occurred. *See Jackson*, 983 So. 2d at 574-77 (recognizing that the "complete denial of counsel at sentencing . . . constitutes fundamental error," but the "temporary absence of counsel" at sentencing is typically subject to harmless error analysis).

However, sentencing did not occur at the originally scheduled time, as counsel informed the court that his client was not present and would be in attendance later in the day. When the case was recalled later that morning, neither the appellant nor her counsel were present. The trial court acknowledged that the appellant's counsel was absent, but nonetheless proceeded to sentence the appellant. Consequently, "a complete denial of counsel at sentencing" occurred *Id.* at 574.

After sentencing, the appellant's attorney moved to mitigate sentence. The trial court had sentenced the appellant to maximum prison terms of five years for the three felony offenses for which she was convicted, and had ordered the sentences to run consecutively. The trial court heard

testimony and denied the motion to mitigate, finding the time had come for the appellant to "face the music." Under the totality of these circumstances, we find it prudent for a resentencing de novo to occur before a different judge. We affirm the convictions, but reverse the sentences and remand for resentencing.

*Affirmed in part, reversed in part, and remanded for resentencing before a different judge.*

GROSS, CIKLIN, JJ., and SURBER, MELANIE DALE, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3