THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY JOE ADAMS, Defendant-Appellant.

Fifth District   No. 5—87—0539

Opinion filed February 23, 1990.

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William R. Haine, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Convicted murderer, Larry Joe Adams, appeals the denial of his post-trial motion by the circuit court of Madison County, and requests a new sentencing hearing with new counsel; alternatively, he says that his natural life sentence is excessive and should be vacated. We affirm.

Defendant, represented by Tyler Bateman of the public defender's office, was sentenced to death by a jury. Defendant's post-trial motion claimed that he had been denied the effective assistance of counsel. Private counsel was then appointed. The new attorney filed a post-trial motion which also alleged ineffective assistance of counsel. The circuit court denied the motion. The Illinois Supreme Court affirmed the conviction, but vacated the death sentence and remanded. *People v. Adams* (1985), 109 Ill. 2d 102, 121, 485 N.E.2d 339, 349, *cert. denied* (1986), 475 U.S. 1088, 89 L. Ed. 2d 730, 106 S. Ct. 1476.

On remand the public defender's office was appointed to represent the defendant, and Bateman again was assigned the case. Defendant objected, alleging that he perceived animosity between himself and Bateman.

The resentencing hearing was held, and Bateman represented defendant, who this time drew a natural life sentence.

Defendant first argues that he was entitled to counsel other than

Bateman at the resentencing hearing due to the prior allegations of Bateman's ineffectiveness as counsel.

■ Section 113—3(b) of the Illinois Code of Criminal Procedure of 1963 reads, "[i]f *** the court finds that the rights of the defendant will be prejudiced by the appointment of the Public Defender, the court shall appoint as counsel a licensed attorney." (Ill. Rev. Stat. 1983, ch. 38, par. 113—3(b).) Section 4 of the Public Defender Act reads, "[e]very court shall *** where the court finds that the rights of the defendant would be prejudiced by the appointment of the public defender, appoint counsel other than the public defender, except as otherwise provided in Section 113—3 of the 'Code of Criminal Procedure of 1963'." (Ill. Rev. Stat. 1983, ch. 34, par. 5604.) A showing of prejudice is necessary under each statute before the court can exercise its discretion and appoint another attorney. *People v. Hall* (1986), 114 Ill. 2d 376, 499 N.E.2d 1335.

■ The constitutional right to appointed counsel does not allow an indigent defendant to pick his appointed counsel. (*People v. Cox* (1961), 22 Ill. 2d 534, 177 N.E.2d 211, *cert. denied* (1963), 374 U.S. 855, 10 L. Ed. 2d 1076, 83 S. Ct. 1925.) Absent an abuse of discretion, the trial court's denial of a request for another attorney will be affirmed upon review. *People v. Gardner* (1977), 47 Ill. App. 3d 529, 362 N.E.2d 14.

■ Defendant argues that *People v. Brown* (1976), 40 Ill. App. 3d 562, 352 N.E.2d 15, *People v. Simpson* (1984), 129 Ill. App. 3d 822, 473 N.E.2d 350, and *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045, warrant a new sentencing hearing with new counsel, since defendant had previously accused Bateman of disloyalty and incompetence and because Bateman had even alleged his own incompetence. *Brown, Simpson,* and *Krankel* are distinguishable from this case because they were designed to meet a different problem. Only *Krankel* need be addressed to reveal the design.

In *Krankel,* defendant alleged ineffective assistance of counsel in his post-trial motion. *Krankel* held that other counsel should have been appointed to argue the post-trial motion so that original counsel would be relieved of the duty of arguing his own ineffectiveness, a most awkward conflict. This case does not fall within *Krankel*'s rule. Whereas, *Krankel* was designed to relieve a lawyer from having to argue his own ineffectiveness, in this case, the supreme court remanded only for resentencing; no motion for new trial was heard or could have been heard; ineffectiveness of counsel at trial is not relevant to the only issue presented, namely: how much time should defendant serve. Therefore, Bateman did not have to argue his own ineffectiveness. Hence, there was no conflict inherent in the representation itself.

Since no inherent or *per se* conflict exists, defendant must demonstrate that he was prejudiced by Bateman's representation in the sentencing hearing. (*People v. Hall* (1986), 114 Ill. 2d 376, 499 N.E.2d 1335.) Defendant has demonstrated no prejudice, but has fallen back on vague charges and finally says, as if sighing in agitated resignation, that "the effect *** upon Bateman's performance cannot be readily determined," and then sniffs, "new counsel should have been appointed." Is this demonstration? "Demonstrate" means "to teach by exhibition of samples." Where is the teaching? Where is the exhibition? *Where are the samples?* They are not there. Defendant has not demonstrated prejudice.

■ Next, defendant complains that his sentence was excessive.

His sentence is natural life. Here is what he did. He planned to rob his victim's shop, a pharmacy. He "cased" his target. He told cohorts he needed a gun to rob a drugstore of money and drugs, and he knew the merchant would be there alone. He got a gun. He went in the pharmacy. He pulled the gun. He walked his victim to the basement. He forced him to kneel. He put the gun to the poor man's head and shot him, execution-style. The man's body slumped, defendant shot him three more times in the body and once in the arm. Defendant did not forget to take the money and drugs. He wanted them.

His sentence is natural life. Here is his history. Prior convictions: robbery, theft, violation of probation, battery, and forgery. The facts of another armed robbery were shown in sentencing, for good measure. In that case, defendant committed an armed robbery, shot at his victim, missed, and then when he got out of jail, threatened the victim's daughter for testifying against him. But, there is even more. Once he was arrested for a disturbance at his mother's house; on his way back to jail, he said he was going back to kill his own mother.

The test is whether the circuit court abused its discretion in imposing this sentence. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We think the circuit court did not. Natural life means that defendant will leave prison only when his life ends. We think that for the safety of other human beings who have to live with him on this planet that that is not such a bad idea.

The circuit court is affirmed.

Affirmed.

LEWIS, P.J., and GOLDENHERSH, J., concur.