THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL R. RAINWATER, Defendant-Appellant.

Fifth District   No. 5—89—0141

Opinion filed January 28, 1991.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathryn Dobrinic, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Michael Rainwater's lawyer left the courthouse, giving the court no place where he could be reached while a jury deliberated Rainwater's fate on criminal sexual assault charges.

When the jury retired, the court and counsel conferred:

"THE COURT: If you leave?

[COUNSEL]: I will waive my presence during the...[.]

THE COURT: So, we will bring your client back to the courtroom.

[COUNSEL]: Yes, he should be.

THE COURT: If there are any questions by the Jurors to the Court we will convene and by your absence then you would be waiving your presence?

[COUNSEL]: Okay, yes.

THE COURT: When the verdicts come in will you be here?

[COUNSEL]: I doubt it."

We hold that counsel's absence during jury deliberations deprived defendant of effective representation of counsel as guaranteed by the sixth amendment of the United States Constitution (U.S. Const., amend. VI).[1]

Defendant, a childhood schoolmate of the victim, J.H., learned that J.H. and some of her friends would be at a local bar.

At the bar, J.H. and her friends found a table, bought drinks and danced to the music of a live band. Defendant came to the table, talked with J.H. and her friends and asked J.H. if she wanted to go to a concert. She declined. Defendant then asked if J.H. and her friends wanted to go smoke a joint in his motel room. The others said they did not want to smoke marijuana. However, J.H. agreed to accompany defendant to his nearby motel room, at the same time cautioning defendant that she had to hurry because her boyfriend soon would be arriving.

Defendant and J.H. went to his motel room.

According to J.H., defendant threatened her, forced her to remove her clothes, threw her on the bed, raped her, forced her to perform fellatio and then raped her again.

According to defendant, he and J.H. smoked a joint and then, with mutual consent, had sexual intercourse, J.H. returning to Ken's Lounge first, and, then defendant, after dressing, also returning to Ken's Lounge.

In the meantime, Carr, Woodruff and Richard Knoche, J.H.'s neighbor, looked for J.H. while she was gone. Knoche testified that after J.H. had been gone about 45 minutes, J.H. came up to him, crying and shaking. He asked her if she had gone somewhere with "this

---

[1]We note that it is unclear from defendant's brief whether he claims that he was denied effective assistance of counsel as guaranteed by the United States Constitution or the Illinois Constitution. However, since defendant cites Federal cases as well as State cases for the ineffective assistance standard, we review defendant's claimed error as stating a Federal violation. Thus, we find that this case is governed by *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; see also *Cooper v. California* (1967), 386 U.S. 58, 17 L. Ed. 2d 730, 87 S. Ct 788; *South Dakota v. Neville* (1983), 459 U.S. 553, 566, 74 L. Ed. 2d 748, 761, 103 S. Ct. 916, 924 (Stevens and Marshall, JJ., dissenting).

guy," and J.H. indicated that she had. Knoche asked if "this guy" had hurt her, and "she kind of nodded her head yes, a little bit."

Carr and Woodruff also quizzed J.H. about where she had been. They testified that she returned to the bar crying and shaking. In response to their questioning, J.H. answered that defendant had raped her.

The police were called to the bar. Defendant was arrested and charged with two counts of criminal sexual assault.

An emergency room examination on J.H. revealed no cuts, bruises or choke marks.

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant asserts that he was denied effective assistance of counsel because his attorney was not present during jury deliberations and return of the verdict. On these facts, we agree.

After the jury had deliberated for an unknown period, the foreperson returned into open court and asked the judge if the jury could see the victim's statement regarding how she had been threatened.

The court said:

> "Basically it was admitted into evidence because there was some attempt to impeach by use of that statement. It really was not evidence as such because the person that made that statement was testifying for you."

The court then had the court reporter read the victim's testimony regarding how defendant had gotten her onto the bed.

The jury continued to deliberate. Five hours later they were returned into court and the court asked if progress had been made, to which the foreperson replied, "There has been some progress made, but there is still no definite decision." The court then gave the jury the *Prim* instruction. *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601.

After further deliberations, the jury returned a verdict of guilty. The court then asked defendant if he wanted the jury polled. He said he did and the jury were polled and affirmed their verdict.

During none of this was defendant's lawyer present. Defendant had been abandoned by his advocate.

■■ ■ The State argues that defendant has waived the ineffectiveness of his counsel by failing to raise it in the post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) However, where the post-trial motion has been drafted and argued by the same defense counsel against whom defendant has lodged a claim of ineffectiveness, and where the error is substantial and of constitutional mag-

nitude, application of the plain error doctrine is appropriate. (*People v. Knowles* (1979), 76 Ill. App. 3d 1004, 395 N.E.2d 706; see also *People v. Chandler* (1989), 129 Ill. 2d 233, 543 N.E.2d 1290; see also *People v. Adams* (1990), 195 Ill. App. 3d 870, 553 N.E.2d 3; *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045; 107 Ill. 2d R. 615(a).) Furthermore, in criminal cases in which the evidence is closely balanced, errors that have not been properly preserved may also be reviewed. (*People v. Pickett* (1971), 2 Ill. App. 3d 560, 276 N.E.2d 751.) We find the evidence in this case is closely balanced because the lack of cuts, bruises or choke marks on J.H. together with a lack of other physical and corroborative evidence made this case a credibility contest between J.H. and defendant. Accordingly, we review defendant's claim as one of plain error.

■ A criminal defendant has been denied the effective assistance of counsel as guaranteed by the sixth amendment to the United States Constitution, made applicable to the States by incorporation through the due process clause of the fourteenth amendment to the United States Constitution, if defendant shows: (1) counsel's representation fell below an objective standard of reasonableness and deprived the defendant of a reliable trial; and (2) that there is a reasonable probability that counsel's performance so prejudiced the proceeding that absent the unprofessional conduct the results would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

■ ■ In the case at bar, we have no hesitation in saying that the failure of defense counsel to be present during the deliberation, or at least leaving a place where he could be reached so as to return within a reasonably short time, falls below an objective standard of reasonableness. And, we hasten to add that the measure of this conduct is not made in hindsight, knowing as we do here that the jury later encountered difficulty and during the deliberations communicated with the court. Rather, counsel's conduct is constitutionally assessed at the time the conduct occurred, *i.e.*; in this case the retirement of the jury to begin deliberations. Jury deliberations and the return of verdict both constitute critical stages of a criminal trial. (*Siverson v. O'Leary* (7th Cir. 1985), 764 F.2d 1208.) Defendant in this case, therefore, was deprived of a reasonable level of representation because counsel was unavailable during a critical stage of the proceedings against him.

■ The next inquiry under the *Strickland* test is whether there is a reasonable probability that counsel's performance so prejudiced the proceedings that the outcome would have been different had counsel been effective. We conclude that there is such a probability. This

basically was a "one-on-one" case, pitting the credibility of defendant against that of the victim. By not being present, counsel robbed defendant of all effective chance to object to the victim's testimony being read to the jury during their deliberations. We are certain beyond reasonable doubt that reading the testimony to the jury affected the jury because the testimony was read to them in response to their request. That request is pregnant with a tacit statement that they believed the difficulties they were having could be ameliorated by having a portion of her testimony read to them. It is legitimate, therefore, to draw the inference that rereading the testimony affected the outcome, especially since the jury's decision in this case hinged on whether they believed the victim or the defendant.

■ The State claims that the record shows that defendant acquiesced in his counsel's absence because he did not object when counsel announced he was leaving. Silence is insufficient to establish acquiescence. Acquiescence in the loss of the right to assistance of counsel, like acquiescence in the loss of any other fundamental constitutional right, is not to be presumed; rather, courts are to indulge every reasonable presumption against waiver. (*Johnson v. Zerbst* (1938), 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019.) Presuming waiver from a silent record is impermissible. (*Carnley v. Cochran* (1962), 369 U.S. 506, 516, 8 L. Ed. 2d 70, 77, 82 S. Ct. 884, 890.) The right may be waived only by voluntary and knowing action. (*Boyd v. Dutton* (1972), 405 U.S. 1, 30 L. Ed. 2d 755, 92 S. Ct. 759.) To establish a constitutionally permissible waiver of counsel's presence during this critical stage, the record should show that the court addressed defendant personally, advising defendant of his right to have counsel present or reasonably accessible during jury deliberations and then taking a knowing, free and voluntary waiver, much as is done in taking a plea of guilty. The record in this case does not clearly establish a knowing and intelligent waiver. We, therefore, reverse and remand to the circuit court.

■■ ■ Because the case may be retried, we address one further issue. The court allowed the victim's friends to testify over a hearsay objection that each asked the victim, "Were you raped?" to which the victim responded affirmatively.

One friend testified,

> "She just kept saying that he choked her and she was crying and I asked her, I figured something bad had happened so I asked her did he rape her and she said yes."

The other testified,

> "I said, what was going on and she just, you know, I just

came out and I finally said did he rape you. And she said like, 'Yes, he did.' "

To be admissible as a corroborative or prompt complaint, the statement must be promptly made, without inconsistent or unexplained delay and must be spontaneous rather than in response to a series of questions. *People v. Russell* (1988), 177 Ill. App. 3d 40, 531 N.E.2d 1099; see also *People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25.

Much briefing and argument was devoted to the question whether an affirmative response to a leading question can be considered a prompt complaint of rape. We do not precisely address this issue; however, we point out that in this case there was an insufficient foundation of all circumstances surrounding and under which the declaration was made.

We reverse and remand for a new trial.

Reversed and remanded.

CHAPMAN and HARRISON, JJ., concur.