677 A.2d 595

**STATE of Maryland**

v.

**George WISCHHUSEN, Jr.**

**No. 100, Sept. Term, 1995.**

Court of Appeals of Maryland.

June 10, 1996.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for petitioner.

Martha Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ., and JOHN F. McAULIFFE, Judge (retired), Specially Assigned.

RAKER Judge.

The question presented in this case is whether the trial court erred in failing to apply Maryland Rule 4–215, governing a defendant's waiver of the right to counsel, when the defendant agreed to proceed in the absence of counsel while the court considered a question raised by the jury during deliberations and subsequently reinstructed the jury. Although Rule 4–215 does not apply to waiver decisions made after trial has commenced, *see State v. Brown*, 342 Md. 404, 676 A.2d 513 (1996), we shall hold that the decision to waive the presence of counsel was tantamount to a waiver of the right to counsel and therefore requires a knowing and intelligent waiver inquiry. We shall also hold that under the totality of the circumstances, Wischhusen's decision to waive the presence of counsel was knowing and intelligent.

I.

George Wischhusen was indicted in the Circuit Court for Baltimore City on charges of first degree murder in violation of Maryland Code (1957, 1991 Repl.Vol., 1995 Cum.Supp.) Article 27, § 407, use of a handgun in commission of a felony in violation of Maryland Code (1957, 1991 Repl.Vol., 1995 Cum.Supp.) Article 27, § 36B(d), and wearing, carrying or transporting a handgun in violation of Maryland Code (1957,

1991 Repl.Vol., 1995 Cum.Supp.) Article 27, § 36B(b).[1] He was tried before a jury and convicted on all counts. Wischhusen noted a timely appeal to the Court of Special Appeals. In an unreported opinion, the intermediate appellate court reversed his convictions and remanded the case for a new trial.

Wischhusen's second trial, a jury trial, commenced in February, 1994. At the conclusion of all the evidence, the court instructed the jury on the offenses of first degree and second degree murder. During the second day of deliberations, however, the jury sent a note to the judge asking for clarification of the difference between first degree and second degree murder. The note read:

> Please clarify the difference between premeditated murder? [T]o what degree of premedication [sic]. How much time determines premedicated [sic] murder? & 2nd degree?

Pursuant to Maryland Rule 4–326, the court contacted counsel to inform them of the jury's question.[2]

Although the court's subsequent discussion with defense counsel was not on the record, we glean the following facts from the court's on the record discussion with Wischhusen.[3] When the court contacted Wischhusen's counsel by telephone, defense counsel informed the judge that she did not wish to return to the courtroom for reinstruction of the jury. The judge then advised counsel that he planned to respond to the jury's question by rereading his initial instructions. The

---

**1.** Unless otherwise specified, all statutory citations herein are to Maryland Code (1957, 1991 Repl.Vol., 1995 Cum.Supp.) Article 27.

**2.** The Rule provides:

> *Communications With Jury.* —The court shall notify the defendant and the State's Attorney of the receipt of any communication from the jury pertaining to the action before responding to the communication. All such communications between the court and the jury shall be on the record in open court or shall be in writing and filed in the action.

**3.** Because the conversation between the trial judge and defense counsel was not on the record, we do not know counsel's reason for declining to return to the courtroom for reinstruction of the jury.

judge read counsel his proposed response, and she stated that she had no objection.[4]

On returning to the courtroom for the reinstruction, the trial judge engaged in the following discussion with Wischhusen, outside the presence of the jury:

> [THE COURT]: Mr. Wischhusen, we have a question from the jury. The question is—let me explain. I'm going to read you the question. I have spoken to [defense counsel].
>
> [THE DEFENDANT]: Right.
>
> [THE COURT]:—on the phone. She has said that she did not wish to come down for this question to be presented to the jury or rather to be answered to the jury. You have an absolute right for her to be here, so if you wish her to be here, I will wait and tell her she must come and wait until she gets here before I reinstruct the jury. However, if you wish to waive her appearance, you may also do that. If you wish to consult with her by telephone before you waive her appearance, you may also do that too. So I know you have not spoken to her this morning.
>
> [THE DEFENDANT]: No.
>
> [THE COURT]: And what I wanted to know, and I can tell you what I'm going to do, the question is please clarify the

---

4. In response to the jury's question, the judge reinstructed the jury in identical terms to the instruction given to the jury at the close of the evidence. The instruction also closely tracked the version of MPJI–Cr. 4:17A, the Model Pattern Jury Instruction on First Degree Premeditated Murder and Second Degree Specific Intent Murder (No Justification or Mitigation Generated), that was in effect at the time of the trial.

In April, 1995, MPJI–Cr. 4:17 was revised in response to our decision in *Willey v. State*, 328 Md. 126, 613 A.2d 956 (1992). In *Willey*, we suggested that courts provide further clarification of the definition of premeditation in cases where the distinction between first and second degree murder is at issue. *Id.* at 138–141, 613 A.2d at 962–63. Thus, the instruction now defines "premeditated" to mean "that there was enough time before the killing, though it may only have been brief, *for the defendant to consider the decision whether or not to kill and enough time to weigh the reasons for and against the choice.*" MPJI–Cr. 4:17A (1995) (emphasis added). We indicated in *Willey* that it is desirable to provide the additional clarification of "premeditation" now given in the model instruction. *Id.* at 138, 613 A.2d at 961.

difference between first degree premeditated murder, question mark. To what degree of premeditation, how much time determines premeditation—premeditated murder? Then the next question is second degree murder, which is— assume they are asking for a definition of second degree murder.

What I intend to do is to reread them, read them again the same instruction I gave them yesterday on first degree and second degree murder. I am not urging you to waive her presence. I'm simply asking you at this time do you wish me to have her come in or do you wish to waive her presence or do you wish to speak to her before you decide?

[THE DEFENDANT]: Was the question read to [defense counsel] when you contacted her?

[THE COURT]: Yes, it was read to [defense counsel], I read the question to [defense counsel] and I told her how I was going to answer the question.

[THE DEFENDANT]: I'll agree to proceed.

[THE COURT]: You will agree to proceed without her being here?

[THE DEFENDANT]: Yes.

[THE COURT]: We can bring the jury in then.

The judge then proceeded to reinstruct the jury.

Later that day, the jury returned its verdict. Wischhusen was convicted of first degree murder, use of a handgun in commission of a felony, and carrying a handgun. Defense counsel was present when the verdict was returned. The court sentenced Wischhusen to life in prison for the murder plus twenty years for the handgun offenses, to be served consecutively.

Wischhusen filed a timely appeal with the Court of Special Appeals, which reversed the convictions in an unreported opinion. The intermediate appellate court reasoned that Wischhusen's right to counsel applied to every stage of the trial, and jury instruction was a critical stage. Therefore, the trial judge should have obtained a waiver of Wischhusen's

right to counsel pursuant to Rule 4–215, and failure to apply all of the procedures specified by the Rule required reversal.[5]

This Court granted the State's petition for certiorari to answer the following questions:

1.  Did the Court of Special Appeals err in holding that Maryland Rule 4–215 is applicable once trial has commenced?

2.  Did the Court of Special Appeals err in holding that Rule 4–215(b) applies where the defendant is represented by counsel and does not seek to waive representation by counsel, but merely seeks to waive counsel's physical presence during the reinstruction of the jury?

## II.

The State contends that Wischhusen's decision to proceed with reinstruction in the physical absence of his defense counsel does not constitute a waiver of the right to counsel. Thus, because Wischhusen did not waive his right to counsel, Rule 4–215 does not apply. The State also argues that because Rule 4–215(e), regarding discharge of counsel, has been interpreted not to apply once the trial begins, other parts of the rule also do not apply after trial commences. Furthermore, the State maintains that even if Rule 4–215(b) applies after trial begins, under the totality of the circumstances, the "knowing and intelligent" waiver standard of *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), was satisfied. Finally, the State contends that any error in failing to obtain an adequate waiver was harmless.

Wischhusen contends that when he agreed to proceed with reinstruction of the jury in the absence of his counsel, he in essence waived his right to assistance of counsel, which should

---

5.  Wischhusen raised three additional issues before the Court of Special Appeals, but the intermediate appellate court did not reach those issues because it determined that reversal was required based on the trial court's failure to apply Rule 4–215.

have triggered application of Rule 4–215. Furthermore, Wischhusen argues that the trial court did not satisfy the Rule's requirements, and that harmless error analysis is inapplicable to a Rule 4–215 violation. Finally, Wischhusen contends that even if Rule 4–215 does not apply, under the totality of the circumstances, he did not knowingly and intelligently waive his right to counsel.

## III.

### A.

The defendant's right to the assistance of counsel is of paramount importance in a criminal trial. *Strickland v. Washington,* 466 U.S. 668, 684–85, 104 S.Ct. 2052, 2062–63, 80 L.Ed.2d 674 (1984); *Gideon v. Wainwright,* 372 U.S. 335, 344, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963). The assistance of counsel protects the defendant's right to a fair trial by "requir[ing] the prosecution's case to survive the crucible of meaningful adversarial testing." *United States v. Cronic,* 466 U.S. 648, 656, 104 S.Ct. 2039, 2045, 80 L.Ed.2d 657 (1984). In addition to safeguarding the defendant's due process rights, defense counsel also serves an overarching purpose as protector of the defendant's other constitutional rights. *Id.* at 653, 104 S.Ct. at 2043.

In the context of defining the standard for ineffective assistance of counsel in *Cronic,* the Court expounded on the nature of the defendant's right to assistance of counsel, stating that "[t]he presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." 466 U.S. at 659, 104 S.Ct. at 2047. The Court provided further explanation in a footnote, observing that:

The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding.

*Id.* at 659 n. 25, 104 S.Ct. at 2047 n. 25; *see also White v. Maryland,* 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963). Therefore, the Supreme Court concluded in *Cronic* that although a defendant must generally demonstrate prejudice to prove a claim of ineffective assistance of counsel, the defendant need not show prejudice if there was a complete denial of counsel at a critical stage of the proceedings. *Cronic,* 466 U.S. at 659, 104 S.Ct. at 2047. *See also Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984) ("[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice."). Similarly in *Hamilton v. Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), where the defendant was arraigned without counsel, the Court reversed his conviction because "[o]nly the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." 368 U.S. at 55, 82 S.Ct. at 159.

■ The Court has subsequently interpreted "critical stage" to mean "any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967). In assessing whether a particular stage of the proceedings is critical, the court must: (1) analyze the potential prejudice to the defendant's rights inherent in the particular confrontation, and (2) assess whether counsel could help to avoid that prejudice. *Id.* at 227, 87 S.Ct. at 1932; *see also* C. WHITEBREAD, CRIMINAL PROCEDURE § 25.03, at 521 (1980). The Court has included pre-trial proceedings, as well as proceedings during trial, within the definition of "critical stage." *White,* 373 U.S. at 60, 83 S.Ct. at 1051; *Hamilton,* 368 U.S. at 54, 82 S.Ct. at 158–59. Subsequent decisions of state and federal appellate courts have interpreted "critical stage" to encompass jury instructions and other communications with the jury during deliberations. *See, e.g., Siverson v. O'Leary,* 764 F.2d 1208, 1214 (7th Cir.1985); *Baugh v. Swenson,* 279 F.Supp. 642, 645 (W.D.Mo.1968); *Key v. People,* 865

P.2d 822, 825 (Colo.1994); *Spencer v. State*, 85 Wis.2d 565, 271 N.W.2d 25, 28 (1978).[6]

■ Maryland courts have also recognized that jury instruction is a critical stage of the trial, requiring the presence of defense counsel absent a knowing and intelligent waiver.[7] *See Young v. State*, 5 Md.App. 383, 387, 247 A.2d 751, 754, *disapproved on other grounds, Noble v. State*, 293 Md. 549, 569, 446 A.2d 844, 854 (1982); *cf. Bunch v. State*, 281 Md. 680, 685, 381 A.2d 1142, 1144 (1978); *Midgett v. State*, 216 Md. 26, 36–37, 139 A.2d 209, 214 (1958). For example, in *Young v. State*, Judge Orth, writing for the Court of Special Appeals, stated that:

> It is fundamental that the [federal and state] constitutional provisions guarantee that counsel be present at trial, and embrace representation throughout the entire trial in all its stages. The appellant here was denied such representation. It is clear in this State that the giving of instructions to the jury is a stage of the trial. Therefore the appellant was entitled to have his counsel present when the court gave the

6. Standard 15–5.3 of the American Bar Association Standards for Criminal Justice, which governs procedures for giving additional instructions to the jury at trial, provides in pertinent part that:

> The court should give additional instructions to the jurors, or re-read instructions initially given, only when the jury has been returned to the courtroom, with the defendant and counsel for the parties present, after notice to counsel and opportunity to be heard.

AMERICAN BAR ASS'N, ABA STANDARDS FOR CRIMINAL JUSTICE 250 (3d ed. 1996) (Discovery and Trial by Jury Standard 15–5.3(c), Additional Instructions).

7. We note that the right to the presence of counsel differs from the defendant's own right to be present. As we discussed in *Stewart v. State*, 334 Md. 213, 638 A.2d 754 (1994), Maryland recognizes the defendant's common law right to be present at trial, as guaranteed by Rule 4–231(c). *Id.* at 224, 638 A.2d at 759. The defendant's right to be present differs from the right to have counsel present, however, because "the right to be present at a communication with the jury [is] not a constitutional right requiring intelligent and knowing action" by the defendant. *Id.* at 227, 638 A.2d at 760. Unless the defendant's decision to waive the right to be present implicates other constitutional rights, such as confrontation, the knowing and intelligent waiver standard does not apply. *See Williams v. State*, 292 Md. 201, 219–20, 438 A.2d 1301, 1310 (1981).

additional instructions to the jury. *The constitutional right to have the assistance of counsel necessarily includes the presence of counsel when instructions are given to the jury, absent a waiver.*

*Id.* at 387, 247 A.2d at 753–54 (citations omitted) (emphasis added).[8]

■ In light of the Supreme Court's statements in *Cronic* and *Strickland,* and in accord with the prior decisions of the Maryland courts discussed above, we believe that there is little support for distinguishing between waiving the presence of defense counsel at a critical stage of the proceedings and waiving the right to the assistance of counsel. *Cf. People v. Morgan,* 157 A.D.2d 64, 554 N.Y.S.2d 676, 677–78 (1990). Counsel should be present at critical stages of the trial in order to serve the primary purpose of the right to counsel: promoting the accuracy and integrity of the adversarial process. Thus, we conclude that the trial court must conduct a waiver inquiry whether the defendant waives the physical presence of counsel or waives the right to assistance of counsel.

---

**8.** In *Young,* the Court of Special Appeals considered both the defendant's right to have counsel present at reinstruction of the jury, and the defendant's own right to be present at reinstruction. The court stated that:

(1) it is reversible error for the court to charge or instruct the jury trying the case, on the facts, the law or the form of the verdict at any time during the involuntary absence of the defendant, even though the charge or instruction is a repetition of a charge or instruction previously given in whole or in part, prejudice being conclusively presumed; . . .

*Id.* at 390–91, 247 A.2d at 756. Some have argued that repetition of the same instruction previously given to the jury does not constitute the type of communication with the jury that requires the presence of defense counsel. *See People v. Childs,* 159 Ill.2d 217, 201 Ill.Dec. 102, 636 N.E.2d 534, 543–44 (1994) (Heiple, J., dissenting). We agree with the conclusion of the Court of Special Appeals in *Young,* that the reinstruction of the jury is a critical stage of the proceedings. 5 Md.App. 383, 387, 247 A.2d 751, 754, *disapproved on other grounds, Noble v. State,* 293 Md. 549, 569, 446 A.2d 844, 854 (1982). Thus, the defendant has a right to have counsel present whether the instructions are merely repeated or whether supplementary instructions are given.

## B.

Courts in other jurisdictions have similarly concluded that a defendant's agreement to proceed at a critical stage in the absence of defense counsel triggers the requirement of a knowing and intelligent waiver. *See, e.g., Green v. Arn,* 809 F.2d 1257, 1261 (6th Cir.1987), *vacated on other grounds,* 484 U.S. 806, 108 S.Ct. 52, 98 L.Ed.2d 17 (1987), *reinstated,* 839 F.2d 300 (6th Cir.1988), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 979 (1989); *Spencer v. State,* 85 Wis.2d 565, 271 N.W.2d 25, 29 (1978); *Headen v. United States,* 373 A.2d 599, 601 (D.C.1977); *People v. Rainwater,* 207 Ill.App.3d 1096, 152 Ill.Dec. 945, 948, 566 N.E.2d 822, 825 (1991). For example, in *Headen v. United States,* 373 A.2d 599 (D.C.1977), the District of Columbia Court of Appeals concluded that the trial court's decision to permit the jury to return its verdict in the absence of defense counsel was error, albeit harmless under the circumstances. *Id.* at 601. The court stated that "[a]bsent a knowing and intelligent waiver by the accused, the court may not require a defendant to 'stand alone against the State.'" *Id.* (quoting *United States v. Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1969)).

The United States Court of Appeals for the Sixth Circuit considered a similar issue in *Green v. Arn,* 809 F.2d 1257, 1261 (6th Cir.1987), *vacated on other grounds,* 484 U.S. 806, 108 S.Ct. 52, 98 L.Ed.2d 17 (1987), *reinstated,* 839 F.2d 300 (6th Cir.1988), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 979 (1989). In *Green,* the issue was whether the defense attorney's two absences during critical stages of the proceedings resulted in *per se* constitutional error. Defendant was tried along with two other co-defendants, both of whom were represented by another attorney. During the State's examination of its first witness, Green's counsel left the courtroom. Counsel had previously informed the court that he would accept the cross-examination by co-defendants' counsel in his absence. As a result of her attorney's absences, however, the defendant first requested substitution of counsel, which was denied, and then requested a mistrial, which was also denied. On appeal, the Sixth Circuit stated:

Although it may be that some absences by a criminal defendant's attorney might be so de minimis that there would be no constitutional significance, the instant record unequivocally demonstrates that [defense counsel's] absence was not de minimis. In our view, the record permits but one conclusion: petitioner's constitutional right to counsel was implicated by [defense counsel's] absence.

*Id.* at 1261–62. While *Green* involved a claim of ineffective assistance of counsel, and the defendant's waiver was not at issue, *Id.* at 1262 n. 2, the court's decision in *Green* reflects the conclusion that proceeding at a critical stage of the trial in the absence of defense counsel is tantamount to a denial of the right to assistance of counsel.[9]

## C.

Although we conclude that a defendant's decision to proceed in the absence of counsel at a critical stage of the trial requires the court to conduct a waiver inquiry, we must next consider whether the court must adhere to Rule 4–215 in conducting the waiver inquiry. The result on this issue is dictated by our recent decision in *State v. Brown*, 342 Md. 404,

---

9. Contrary to the view of some courts, we do not distinguish between instances where a defense attorney chooses to be absent from the proceedings and situations where the court chooses to proceed without defense counsel present. *Compare State v. Holmes*, 157 N.J.Super. 37, 384 A.2d 528, 530 (App.Div.1978). *See also Spencer v. State*, 85 Wis.2d 565, 271 N.W.2d 25 (1978), where the Supreme Court of Wisconsin explained:

Receiving a verdict in a criminal trial is a critical stage of the proceedings, and the defendant is entitled to the presence of defense counsel. When defense counsel told the trial judge he would not be present when the verdict was received, the trial judge responded by saying "that's your decision to make." We find this response to be an incorrect statement of law. Before counsel may be excused from any portion of the proceedings, the court must make a record that the absence of counsel is *knowingly and voluntarily approved by the defendant, for the option to excuse counsel is exclusively with the defendant.*

*Id.* 271 N.W.2d at 29 (emphasis added). Thus the Wisconsin Supreme Court concluded that it was error, although harmless, for the trial court to proceed in the absence of defense counsel without first obtaining a knowing and intelligent waiver from the defendant. *Id.*

676 A.2d 513 (1996). In *Brown,* the defendant attempted to discharge his counsel after the State began its case-in-chief. Brown asserted that the trial court erred in failing to apply Rule 4–215 to his request for permission to discharge counsel. We held that although Rule 4–215 applies up to and including the beginning of trial, the Rule does not apply after meaningful trial proceedings have commenced. *Id.,* at 411, 676 A.2d at 517.

While we conclude that Rule 4–215 does not apply after trial begins, the trial court's inquiry must still satisfy constitutional requirements. Although the litany prescribed by the Rule need not be followed, the trial court must ensure that defendant's decision to waive counsel is made knowingly and intelligently.[10] As the Supreme Court stated in *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938):

> The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

*Id.* at 464, 58 S.Ct. at 1023. Thus, in assessing decisions to waive the presence of counsel after trial begins, we shall consider the totality of the circumstances to determine whether the waiver was knowing and intelligent.

## IV.

■ Although Rule 4–215(b) does not apply in this case because trial had already commenced, we must still determine whether, under the totality of the circumstances, the defendant's waiver was knowing and intelligent. The record indicates that, before proceeding to reinstruct the jury, the trial

---

**10.** Rule 4–215 imposes requirements that exceed constitutional standards. For example, the Rule requires the court to inform the defendant of the nature of the charges and the potential penalty. These duties need not be performed for the judge to satisfy the knowing and intelligent waiver standard of *Johnson v. Zerbst,* 304 U.S. at 464–65, 58 S.Ct. at 1023.

judge thoroughly explained Wischhusen's rights and provided him with sufficient information to enable him to weigh his options. The trial judge informed Wischhusen that he had an absolute right to counsel, and that if he wished, the court would delay the proceedings until defense counsel could be present. The court also offered Wischhusen the opportunity to consult with counsel by telephone before agreeing to proceed in her absence. Furthermore, the court informed Wischhusen that the instruction to be read to the jury would be the same one delivered at the conclusion of the evidence. Finally, Wischhusen asked the court if his counsel had heard the proposed reinstruction, and the judge responded that he had read the instruction to defense counsel, and counsel offered no objection. In light of these circumstances, we conclude that Wischhusen's decision to waive the presence of his counsel at reinstruction was knowing and intelligent.

For the foregoing reasons, we shall reverse the decision of the Court of Special Appeals and remand the case for reconsideration of the remaining issues raised before the intermediate appellate court.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY RESPONDENT.*