

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00308-CR

---

**RONALD ALLEN AUSTIN, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 082294-E-CR, Honorable Douglas R. Woodburn, Presiding

---

July 22, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Ronald Allen Austin, was convicted by a jury of murder and sentenced to confinement for forty years. By a sole issue, he maintains a jury charge conference should be characterized as a "critical stage" of a criminal proceeding requiring defense counsel to meaningfully assist him. In light of jury charge errors in the charge on punishment, he claims he was constructively denied counsel and seeks a new punishment hearing. The State responds that the proper standard for review

of Appellant's complaint is expressed in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). By his reply brief, Appellant agrees and requests review under *Strickland.* We affirm.

## BACKGROUND

Appellant, disabled and in his mid-sixties, testified in his own defense. He had resided in a motel for many years and the victim lived there for about a year. One day, while they were both drinking, they began arguing and Appellant asked him to leave his room. He did but returned later and pushed open Appellant's door which was not fully closed. According to Appellant, he feared for his safety because the victim was bigger and stronger than him and allegedly charged at him.

Appellant asked him to leave and when he refused, Appellant pulled his gun out of a drawer and shot him. The victim tried to run away, and Appellant shot him in the back multiple times. During his police interview, Appellant waived his rights. He admitted he shot the victim because he would not leave his room. When the investigator asked him if the victim threatened him or had a weapon, he answered "no." Appellant was charged with intentionally or knowingly causing the victim's death with a firearm.

The jury rejected a justification instruction and found Appellant guilty of murder. During the punishment phase, the following colloquy occurred:

> [Court]: Well, first of all, we've got a proposed Charge on [Punishment]. Have each of you had an opportunity to review it and does either – anyone have any changes or additions?
>
> [State]: None from the State.

2

[Defense Counsel]: No, Your Honor.

At the conclusion of the punishment evidence, the trial court read the punishment charge to the jury. As relevant here, Appellant asserts there were egregious errors in the charge which defense counsel disregarded resulting in constructive denial of counsel at that stage of trial. Those alleged errors are as follows:

- the jury could consider "the existence of good conduct time"; and

- the charge omitted a statutorily required instruction he would have to serve at least half of his forty-year sentence before being eligible for parole.

*See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (requiring instruction when jury assesses punishment that "the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less).

## ANALYSIS

Appellant relies on numerous cases from other jurisdictions which have determined a charge conference to be a critical stage of trial.[1] Texas has not taken that position. However, denial of effective legal representation resulting in charge error does not foreclose scrutiny on appeal. Review under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), exposes whether a defendant was harmed by egregious error

---

[1] Some of those cases include *Fonseca v. State*, 956 So.2d 1259, 1260 (Fla. App. 2007) ("A charge conference is a critical stage of the proceedings to which the right to counsel attaches."); *McKinney v. Horton*, 826 Fed. Appx. 468, 476 (6th Cir. 2020) ("We are not convinced that the fairness of the trial was impacted by McKinney's exclusion from the [charge] conference. McKinney had an opportunity to object to the jury instructions when they were actually given to the jury—which is a critical stage . . . ."); *Commonwealth v. Johnson*, 574 Pa. 5, 13, 828 A.2d 1009 (Pa. 2003) (determining jury instructions, *not the charge conference*, are a critical stage in a criminal trial); *State v. Wischhusen*, 342 Md. 530, 538–39 (Md. App. 1996) ("Maryland courts have also recognized that jury instruction is a critical stage of the trial . . . .").

when no objection to the charge occurs. Here, however, Appellant did not present his complaint as charge error reviewable under *Almanza*. Rather, he relied on *United States v. Chronic*, 466 U.S. 648, 658–60, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), for the proposition that in rare cases, such as the constructive denial of counsel at a critical stage of trial,[2] prejudice is presumed, and an appellant need only show counsel's deficient performance. After the State filed its brief, Appellant agreed appellate review should be under the rubric of *Strickland* which requires a showing of deficient performance *and* prejudice. Prejudice requires an appellant to show a reasonable probability that but for trial counsel's errors, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 694.

Assuming without deciding that counsel's performance in failing to object to the alleged charge errors was deficient, Appellant did not argue the prejudice prong of *Strickland*—there was a reasonable probability that but for counsel's performance the result of the proceeding would have been different.[3] Failing to address prejudice results in the loss of his claim. *Puentes v. State*, No. 07-21-00252-CR, 07-21-00253-CR, 2022 Tex. App. LEXIS 7645, at *2–3 (Tex. App. —Amarillo 2022, pet. ref'd) (mem. op., not designation for publication).

---

[2] Constructive denial of counsel occurs very rarely where the circumstances leading to counsel's ineffectiveness are so egregious the defendant can be said to have been essentially denied any meaningful assistance at all. *Pauda v. State*, 07-11-00472-CR, 2013 Tex. App. LEXIS 845, at *4 (Tex. App.—Amarillo Jan. 30, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Childress v. Johnson*, 103 F.3d 1221, 1229 (5th Cir. 1997)).

[3] In his police interview, he admitted shooting the victim multiple times, not because he had been threatened or the victim had a weapon, but simply because the victim refused to leave his room when asked. Although at trial he strategized he feared for his life, his statement to the investigator on the day of the incident did not indicate he shot the victim in self-defense.

Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.