

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00308-CR

---

RONALD ALLEN AUSTIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 082294-E-CR, Honorable Douglas R. Woodburn, Presiding

---

December 3, 2025

MEMORANDUM OPINION ON REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

On July 22, 2025, this Court affirmed Ronald Allen Austin's murder conviction and forty-year sentence by holding he had not properly presented an argument based on the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This Court rejected his claim he was effectively denied counsel during a "critical stage" of his criminal case—the charge conference during the punishment phase

in which counsel failed to object to certain errors conceded by the State.[1]  On Appellant's petition for discretionary review, the Court of Criminal Appeals held that "albeit brief," he had presented a sufficient argument on prejudice under *Strickland*, vacated this Court's judgment, and remanded the cause for consideration of whether counsel's failure to object to the punishment charge prejudiced Appellant.[2]  In analyzing the prejudice prong of *Strickland*, we again affirm Appellant's conviction and sentence.

## BACKGROUND

Appellant, disabled and in his mid-sixties, testified in his own defense.  He had resided in a motel for many years and the victim lived there for about a year.  One day, while they were both drinking, they began arguing and Appellant asked him to leave his room.  He did but returned later and pushed open Appellant's door which was not fully closed.  According to Appellant, he feared for his safety because the victim was bigger and stronger than him and allegedly charged at him.

Appellant asked him to leave and when he refused, Appellant pulled his gun out of a drawer.  The victim tried to run away, but Appellant shot him in the back multiple times.  During his police interview, Appellant waived his rights.  He admitted he shot the victim because he would not leave his room.  When the investigator asked him if the victim threatened him or had a weapon, he answered "no."  Appellant was charged with intentionally or knowingly causing the victim's death with a firearm.

---

[1] *Austin v. State*, No. 07-24-00308-CR, 2025 Tex. App. LEXIS 5215, at *4 (Tex. App.—Amarillo July 22, 2025, pet. granted) (mem. op., not designated for publication).

[2] *Austin v. State*, PD-0616-25, 2025 Tex. Crim. App. Unpub. LEXIS 349, at *2 (Tex. Crim. App. Oct. 16, 2025).

The jury rejected a justification instruction and found Appellant guilty of murder. During the punishment phase, the following colloquy occurred:

> [Court]: Well, first of all, we've got a proposed Charge on [Punishment]. Have each of you had an opportunity to review it and does either – anyone have any changes or additions?
>
> [State]: None from the State.
>
> [Defense Counsel]: No, Your Honor.

At the conclusion of the punishment evidence, the trial court read the charge to the jury. As relevant here, Appellant asserts there were egregious errors in the charge which defense counsel disregarded resulting in constructive denial of counsel at that stage of trial. Those alleged errors are as follows:

- the jury could consider "the existence of good conduct time"; and

- the charge omitted a statutorily required instruction he would have to serve at least half of his forty-year sentence before being eligible for parole.

*See* TEX CODE CRIM. PROC. art. 37.07, § 4 (requiring instruction when jury assesses punishment that "the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or thirty years, whichever is less).

## ANALYSIS

Appellant relies on numerous cases from other jurisdictions which have determined a charge conference to be a critical stage of trial.[3] Texas has not taken that

---

[3] Some of those cases include *Fonseca v. State*, 956 So.2d 1259, 1260 (Fla. App. 2007) ("A charge conference is a critical stage of the proceedings to which the right to counsel attaches."); *McKinney v. Horton*, 826 Fed. Appx. 468, 476 (6th Cir. 2020) ("We are not convinced that the fairness of the trial was impacted by McKinney's exclusion from the [charge] conference. McKinney had an opportunity to object to the jury instructions when they were actually given to the jury—which is a critical stage . . . .");

position. However, denial of effective legal representation resulting in charge error does not foreclose scrutiny on appeal. Review under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), exposes whether a defendant was harmed by egregious error when no objection to the charge occurs. On direct appeal, however, Appellant did not present his complaint as charge error reviewable under *Almanza*. Rather, he relied on *United States v. Chronic*, 466 U.S. 648, 658–60, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), for the proposition that in rare cases, such as the constructive denial of counsel at a critical stage of trial,[4] prejudice is presumed, and an appellant need only show counsel's deficient performance. After the State filed its brief, Appellant filed a reply brief agreeing with the State that review should be under the rubric of *Strickland* which requires a showing of deficient performance *and* prejudice. Prejudice requires an appellant to show a reasonable probability that but for trial counsel's errors, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 694.

When a jury assesses punishment for a murder conviction, article 37.07, section 4(a) of the Code of Criminal Procedure requires the trial court to charge the jury as follows:

> The length of time for which a defendant is imprisoned may be reduced by the award of parole.
>
> Under the law applicable to the case, if the defendant is sentenced to a term of imprisonment, the defendant shall not become eligible for parole until the

---

*Commonwealth v. Johnson*, 574 Pa. 5, 13, 828 A.2d 1009 (Pa. 2003) (determining jury instructions, *not the charge conference*, are a critical stage in a criminal trial); *State v. Wischhusen*, 342 Md. 530, 538–39 (Md. App. 1996) ("Maryland courts have also recognized that jury instruction is a critical stage of the trial . . . .").

[4] Constructive denial of counsel occurs very rarely where the circumstances leading to counsel's ineffectiveness are so egregious the defendant can be said to have been essentially denied any meaningful assistance at all. *Pauda v. State*, No. 07-11-00472-CR, 2013 Tex. App. LEXIS 845, at *4 (Tex. App.—Amarillo Jan. 30, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Childress v. Johnson*, 103 F.3d 1221, 1229 (5th Cir. 1997)). This Court rejected a claim that pretrial investigation is a critical stage of criminal proceedings in *Brumbalow v. State*, No. 07-24-00085-CR, 2025 WL 1451829, at *3–4 (Tex. App.—Amarillo May 20, 2025, pet. ref'd) (mem. op., not designated for publication).

actual time served equals one-half of the sentence imposed or 30 years, whichever is less. . . . Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law might be applied to this defendant if sentenced to a term of imprisonment, because the application of that law will depend on decisions made by parole authorities.

You may consider the existence of parole law. You are not to consider the manner in which the parole law may be applied to this particular defendant.

TEX. CODE CRIM. PROC. art. 37.07(a), § 4; art. 42A.054(a)(2) (limiting judge-ordered community supervision to a defendant found guilty of murder).

Instead of the statutory language quoted above, the punishment charge did not directly address parole and paragraph II provided as follows:

Under the law applicable in this case, when a defendant is sentenced to a term of imprisonment, he may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It cannot accurately be predicted how the good conduct time might be applied to this particular defendant because the application of this law will depend on decisions made by prison and parole authorities.

Therefore, you may consider the existence of good conduct time; however, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant.

The punishment charge failed to instruct the jury that Appellant would not become eligible for parole until he had served half of his forty-year sentence or thirty years, whichever is less, and erroneously included language he could reduce his sentence through good conduct.

5

A parole instruction tends to benefit the State. *Stevens v. State*, No. 03-21-00432-CR, 2023 Tex. App. LEXIS 6092, at *61 (Tex. App.—Austin Aug. 11, 2023, no pet.) (mem. op., not designated for publication). "[T]he only purpose in allowing jurors to consider 'existence' of parole law and good conduct time is to inform their assessment of punishment; the instruction is "clearly designed to increase [the] sentence." *Arnold v. State*, 786 S.W.2d 295, 300 (Tex. Crim. App. 1990). Thus, harm from an erroneous instruction regarding parole is difficult to establish. *Roberts v. State*, 849 S.W.3d 407, 410 (Tex. App.—Fort Worth 1993, pet. ref'd).

In the underlying case, the punishment charge also included the following language:

> You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles Division of the Texas Department of Criminal Justice and the Governor of the State of Texas, and must not be considered by you.

Such language has been interpreted as a curative instruction discouraging a jury from imposing a harsher sentence when an instruction on parole is omitted. *Grigsby v. State*, 833 S.W.2d 573, 576–77 (Tex. App.—Dallas 1992, pet. ref'd) ("We fail to see how not giving a charge meant to increase the length of a sentence harms an appellant.").

For Appellant to prevail on his claim of ineffective assistance of counsel, he was required to show trial counsel's performance was deficient and that but for that deficiency, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 687. When, as here, trial counsel was not afforded an opportunity to explain his trial strategy, this Court should not denounce him as deficient unless his conduct was "so outrageous that

6

no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Additionally, we must indulge a strong presumption counsel's conduct fell within the wide range of reasonable professional assistance. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013).

**Was Trial Counsel's Representation Deficient?**

Here, the record is silent on trial counsel's strategy; thus, we will assume counsel had a strategy if any reasonable sound strategic motivation can be imagined. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Because a parole instruction benefits the State and may lead to imposition of a longer sentence, we cannot determine on a silent record whether counsel's failure to object to the errors in the punishment charge was strategic. Thus, we cannot conclude counsel's representation was deficient.

**Was Appellant Prejudiced?**

Following the charge conference, Appellant offered favorable testimony from a pastor and from his brother-in-law, who is also a pastor. They described Appellant's character as honest, friendly, loving, religious, and a non-aggressive person. But they also testified he sometimes "fell off the wagon" and got drunk. The jury was instructed that in assessing Appellant's punishment it could "take into consideration all the facts shown by the evidence admitted before [it] in the full trial . . . ." Such an instruction permitted the jury to consider facts from the guilt/innocence phase such as Appellant admitting shooting the victim multiple times in the back as he was retreating and not because he had been threatened, or the victim had a weapon. He shot him simply because the victim refused to leave his room when asked. Although Appellant claimed

7

he feared for his life, his statement to the investigator on the day of the incident did not indicate he shot the victim in self-defense. Appellant has not established the jury's determination of his sentence would have been less than forty years because of his advanced age and disability if it had been instructed pursuant to article 37.07, section 4(a).

The record does not demonstrate that counsel's conduct was not the result of an informed strategic decision. *Frangias*, 450 S.W.3d at 136. Neither does the record show that counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* We conclude Appellant has not demonstrated that but for counsel's failure to object to the errors in the punishment charge, the sentence imposed by the jury would have been less than forty years. *See Oates v. State*, No. 05-16-00369-CR, 2016 Tex. App. LEXIS 11983, at *16 (Tex. App.—Dallas Nov. 4, 2016, no pet.) (mem. op., not designated for publication) (finding appellant failed to establish a reasonable probability that if the jury had been provided the correct instruction under article 37.07, section 4(a), he would have received a lesser sentence). Appellant's claim of prejudice is not supported by the record. We overrule his sole issue.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.